CHARLES E. ARMSTRONG *v.* MARTHA T. OWENS.

1. STATUTE OF FRAUDS.   *Absolute conveyance.   Parol evidence.   Mortgage.*
   *Code* 1892, ? 4233.

   Code, 1892, § 4233, providing that deeds or other writings absolute
   on their face, where the maker parts with the possession of the
   property conveyed, shall not be shown by parol to be mort-
   gages, unless fraud in their procurement be the question at issue,
   applies only to tangible property.

2. SAME.   *Case.*

   Said code section does not embrace the transfer of a life insur-
   ance policy made during the life of the assured, which may be
   shown by parol evidence to be a mere security for a debt.

FROM the chancery court of Warren county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

The appellant, Armstrong, was defendant, and the appellee,
Owens, complainant in the court below.

Edward J. Owens had an insurance policy on his life for
$2,500 in favor of his wife, the appellee, who joined him in the
execution of the following transfer to the appellant: "For value
received we hereby assign and transfer unto C. E. Armstrong
of Vicksburg, Miss., the policy of insurance known as policy
No. 726,348, issued by the New York Life Insurance Co. upon
the life of Edward J. Owens of Vicksburg, Miss., and all divi-
dend, benefit, and advantage to be had or derived therefrom,
subject to the rules and regulations of the company."

Owens afterwards wrote the insurance company to change
the beneficiary in the policy from Martha E. Owens, the ap-
pellee, to Charles E. Armstrong, the appellant, which was done.
After his death, his widow, the appellee, filed her bill against
the appellant and the insurance company, charging that the
above assignment was made merely to secure a loan made by the

appellant to her husband, and that the writing, though absolute on its face, was intended to be a mortgage only, and seeking to restrain payment of the policy to the appellant until it could be determined how much was due to him on the loan, that such sum be paid to him out of the proceeds of the policy, and that the balance thereof be paid to her. Much parol evidence was adduced by the parties, and the same was quite conflicting as to the nature of the agreement made at the time of the assignment, the appellant contending that the writing was absolute on its face and in view of § 4233, Code 1892, could not be shown by parol evidence to be a mortgage only. This section of the code is as follows: "4233 (1299). *Deed not shown to be a mortgage, unless, etc.*—A conveyance or other writing absolute on its face, where the maker parts with the possession of the property conveyed by it, shall not be proved, at the instance of any of the parties; by parol evidence, to be a mortgage only, unless fraud in its procurement be the issue to be tried."

The final decree was in favor of the appellee, according to the prayer of the bill, and this appeal therefrom was prosecuted.

*S. M. Shelton*, for appellant.

It is objected by the appellee that a life insurance policy is not covered by the word "property" as used in this statute.

There is nothing in the statute to limit the meaning of the word. In 19 Am. & Eng. Enc. Law (1st ed.), 285, 286, it is said that the word "property" includes everything that is the subject of ownership. And in the notes to the text the author shows that it includes choses in action, and it is held in several cases referred to in these notes that a policy of insurance on the life of an insolvent debtor passes to the assignee as "property" within the meaning of the Massachusetts statute. The same note shows that money has been held to be "property." The same note holds that stock in a corporation is "property."

In *Garley* v. *Butler*, 147 Mass., 10, we find that the Massa-

chusetts insolvent law provided that the assignment should vest in the assignee all the "property" of the debtor, real and personal, and in this case it was held that a claim which had been allowed by the court of Commissioners of Alabama Claims was "property" in contemplation of that act and passed to the assignee.

In *Bassett* v. *Parsons,* 140 Mass., 169, the question was, did an insolvent debtor's rights under a policy of life insurance, payable to him at a certain date, pass to the assignee under the same statute, and Judge Holmes says, "Defendant's right under the contract (of insurance) was "property" within the statute from the time the contract was made. In *Savings Bank* v. *Mc-Lean,* 84 Mich., 625, it is held that a life insurance policy is "property," and if fraudulently assigned, can be reached by creditors.

If the doctrine I have invoked and the construction of section 4233, I have suggested, be correct, then none of the testimony offered by complainant is admissible; for the whole of it was offered simply to prove a contemporaneous oral agreement, making the transaction a loan instead of a sale. And I insist that the chancellor erred in not excluding all of complainant's testimony, which would necessarily have resulted in his eliminating from the case all the allegations of complainant's bill which such testimony was offered to prove, and in a decree for defendant and the dissolution of the injunction.

It cannot be questioned that when appellee "parted with possession" of the policy she "parted with the possession of all that was involved, and entirely surrendered all dominion over and claim to the property."

The authorities on the subject of transfer of possession are numerous. I refer to a few in which the point is presented:

In *Thomas' Administrator* v. *Lewis,* 37 Am. St. Rep., 870, where the court in discussing a gift *causa mortis,* says:

"Delivery is essential; it may be either actual, by manual

tradition of the subject of the gift, or constructive, by delivery of the means of obtaining possession. Constructive delivery is always sufficient, when actual, manual delivery is either impracticable or inconvenient. The contents of a warehouse, trunk, box, or other depository may be sufficiently delivered by delivery of the key of the receptacle."

In *Union Stock Yard etc. Co.* v. *Mallory,* 48 Am. St. Rep., 341, the court says: "When a vendor delivers to a purchaser, or a purchaser's authorized agent, an order upon the vendor's bailee to deliver the goods sold to such purchaser or agent, this is a delivery having the same effect in transferring title as an actual delivery." In *Perot* v. *Cooper,* 31 Am. St. Rep., 258, it is said: "The possession and production of a note uncancelled and unextinguished by indorsements of payments or otherwise is *prima facie* evidence that the holder is the owner and that the note is unpaid."

In this case all dominion over the "thing" conveyed was surrendered by complainant and her husband, and the company was by a letter from Owens directed to substitute Armstrong for Mattie T. Owens, as beneficiary in the policy.

Whatever may be held in some states, in this state such a policy can be sold so as to vest absolute title in the purchaser. This was decided in the case of *Murphy* v. *Red,* 64 Miss., 614, in which case this court cited with approval *Mutual Life Insurance Co.* v. *Allen,* 138 Mass., 24.

This section has been passed upon in four cases as follows: In *Heirmann* v. *Stricklin,* 60 Miss., 234, when the vendor had not parted with possession, and it was held that the statute did not apply. In *Fultz* v. *Peterson,* 78 Miss., 128, where the vendor had not parted with the possession of the property, and it was held that the statute did not apply. In *Schwartz* v. *Lieber,* 79 Miss., 257, the decision being upon a demurrer to a bill where it was held that the bill need not allege that the maker retained possession, nor allege that the agreement

evidencing the intent was in writing, as these were matters that the complainant could prove under the general allegations of the bill. In *Culp* v. *Wooten,* 79 Miss., 503, where the two points presented were, whether the vendor had parted with the possession of the property and whether the writing was procured by fraud.

*McLaurin, Armistead & Brien,* for appellee.

We submit that section 4233, Code 1892, has no application whatever to the case at bar, for although the conveyance is absolute on its face, the possession of the property conveyed was not parted with.

The assignor Owens did not part with the possession of the property. The property dealt in was life insurance, the property assigned was a chose in action and nothing more. It is thus defined as a chose in action in *Murphy* v. *Red,* 64 Miss., 614. Anderson's Law Dictionary, defines a chose in action thus: "The general definition of a chose in action is a right not reduced into possession." Bonvier defines a chose in action thus: "Is such a thing as the owner has not the possession, but merely a right of action for its possession."

This property not being in the possession of Armstrong, it necessarily follows that this section has no application. The only thing that Armstrong ever had in his possession was the policy, the evidence of the chose in action.

Argued orally by *S. M. Shelton,* for appellant, and by *R. L. McLaurin,* for appellee.

CALHOON, J., delivered the opinion of the court.

We conclude from the whole history of the statute of frauds from 29 Charles II. down, and from the matter of our own statute, and the collocation of section 4233 of the Code of 1892, that the reference in that section is to visible, tangible property, and does not embrace the transfer of a policy of life insurance

during the life of the assured, as in the record before us; and that such transfers, as in cases of land even before that section was enacted, might have been shown to be in fact mere securities for debt. Much incompetent testimony appears in the record, but the chancellor reserved ruling, and decided on the competent evidence. He is sustained by the testimony of Birchett as to the conversation he heard between Owens and Armstrong, and also by the testimony of Conway, and we do not feel authorized to disturb his conclusion.

*Affirmed.*