## GARNER v. TOWNES.*

(Division A.   April 14, 1924.   Suggestion of Error Overruled May 19, 1924.)

[100 So. 20.   No. 23817.]

1. WITNESSES.  *Claimant of life insurance policy by assignment and delivery from deceased father whose estate not interested, held competent; "claim against estate of deceased person."*

   Complainant, who claimed ownership of a life insurance policy by assignment and delivery by his father, since deceased, against defendant, who claimed title thereto also by assignment as a gift from the same source, the estate of said decedent not being a party to the suit, and not affected directly or indirectly, was not incompetent as a witness to establish his claim to such insurance policy under section 1917, Code of 1906 (Hemingway's Code, section 1577), which renders incompetent a person to testify as witness to establish his own "claim against the estate of a deceased person," which originated in the lifetime of such decedent.

2. INSURANCE.  *Statute held not to prohibit proof that assignment of life policy, absolute in form, intended as collateral security; "property."*

   Section 4783, Code 1906 (Hemingway's Code, section 3127), providing that a writing absolute on its face, where the maker parts with the "property" conveyed, shall not be proved by parol to be a mortgage, unless procured by fraud, applies alone to tangible property, and has no application to intangible property, and therefore said statute is not violated by proof that the assignment of a life insurance policy absolute in form was in fact intended as collateral security for an indebtedness due by the assignor to the assignee.

3. LIMITATION OF ACTIONS.  *Action to cancel assignment of insurance policy must be brought within ten years after action accrues.*

   Where the title to a life insurance policy is in the defendant by virtue of a written assignment thereof, an action to have such assignment canceled and the title divested out of the defendant and invested in the complainant is an action of exclusive equitable cognizance, and is governed by that provision of section 3125, Code 1906 (Hemingway's Code, section 2489), which provides that bills for relief not elsewhere specifically provided for shall be brought within ten years after the cause of action accrued.

ON SUGGESTION OF ERROR.

4. APPEAL AND ERROR. *When judgment for damages in action for possession of life policy will be rendered on appeal stated.*

Under section 4926, Code 1906 (section 3202, Hemingway's Code), on the affirmance of a judgment for the possession of a life insurance policy, the supreme court will render a judgment against the appellant for damages at the rate of five per centum on the value of the policy, if the value thereof can be ascertained from the record. If the value of the policy cannot be ascertained from the record, the cause will be remanded to the trial court for the ascertainment thereof. Section 4927, Code 1906 (section 3203, Hemingway's Code).

*Headnote 1. Witnesses, 40 Cyc., p. 2265; 2. Life Insurance, 25 Cyc., p. 773; Evidence, 22 C. J., section 1668; 3. Limitations of Actions, 25 Cyc., p. 1061; 4. Costs, 15 C. J., section 691.

APPEAL from chancery court of Tallahatchie county. HON. C. L. LOMAX, Chancellor.

Suit by J. K. Townes against Elizabeth Garner, a minor. From a decree for plaintiff, defendant appeals. Suggestion of error sustained in part and cause remanded.

*Hays, Stingily & Whitten,* for appellant.

During the year 1892 J. K. Townes insured his life for five thousand dollars in the Equitable Life Assurance Society. The policy matured during the year 1912. During the year 1909 the insured transferred to his father, Jas. A. Townes, all his right, title and interest in the policy by a written instrument duly acknowledged. On the 26th day of March, 1913, the said Jas. A. Townes assigned all of his right, title and interest in the policy to his granddaughter, Elizabeth Garner, by an instrument in writing, duly acknowledged. After he had thus formally executed this assignment he delivered the policy, assigned as aforesaid, to the mother of Elizabeth for the use and benefit of his infant granddaughter, Elizabeth Garner. During the year 1914 Jas. A. Townes died. His

estate was duly administered and his property divided between his wife and children. The years rolled by until November 6, 1922, when there was filed this bill alleging that the contract between J. K. Townes and his father, Jas. A. Townes was not a contract of absolute and unconditional sale, but that in fact the contract was a contract hypothecating the policy with his father, Jas. A. Townes, to secure an indebtedness due by him to the latter, and that this indebtedness had been paid by him during the fall of 1913.

In the trial of the cause, over the objection of the defendant, Elizabeth Garner, the complainant was allowed to give his parol testimony to vary and change this contract he made with his father thirteen years before, and to establish another contract than the contract which his father at that time had made. On this oral testimony, the court's decree directs this minor defendant to surrender and deliver over to the complainant the policy involved.

I.  The court erred in permitting complainant, Townes, to testify as to the transaction with his father, who died some five years thereafter and some eight years before the filing of this suit. The complainant must prove under any view of the case, that his father did not own the policy absolutely and unconditionally under the 1909 assignment and delivery made by the complainant during his father's lifetime. To make this proof, the complainant offered himself as a witness, and, notwithstanding the transaction is a transaction between the complainant and his father during the lifetime of the latter, the father at the time of this suit being dead, testified that his contract was in fact a contract, under the terms of which the policy, instead of being sold absolutely to his father, as the instrument witnesses, was hypothecated to secure the payment of an indebtedness then owing his father. That part of the common law which, notwithstanding statutory modifications, still forbids the courts to hear the testimony of an interested party, has been so thoroughly con-

sidered by the court that when one enters upon a trial of a case he is surprised to find the testimony of one of the parties offered when "death has sealed the lips of the other party to the transaction."

It is only in event the complainant overturned this 1909 instrument, which evidenced an absolute sale, that it is material what was done in the 1913 transaction, when complainant alleges he paid J. A. Townes the sum which he says the policy was pledged to secure. Since the lips of Jas. A. Townes are sealed by death, the law seals the lips of the other party to that transaction, under every possible view of the controversy. *Lamar* v. *Williams*, 39 Miss. 342, at page 447; *Jackson* v. *Smith*, 68 Miss. 53; *Griffin* v. *Lower*, 37 Miss. 458; *Jacks* v. *Bridewell*, 51 Miss. 881, at page 888; *Whitehead* v. *Kirk*, 104 Miss. 776, at page 820.

II.   The complainant alleges in his bill that the contract which he executed is not in fact the contract intended to be made by the parties. If that be true, a cause of action accrued to the complainant at the very instant this policy was erroneously delivered to his father, whether through a mistake or some affirmative fraud. The statute begins to run from the day suit might have been brought. *Benefit Association* v. *Bank*, 99 Miss. 610. There can be no question of concealed fraud here. *Magee* v. *Keegan*, 35 Miss. 244.

III.   There is another assignment of error, that is, that the complainant was allowed to vary a written contract by parol testimony. Section 4783, Code of 1906, section 2137, Hemingway's Code, provides that a conveyance or other writing absolute on its face, where the maker parts with possession of the property conveyed by it, shall not be proved at the instance of any of the parties, by parol evidence, to be a mortgage only, unless fraud in its procurement be the issue to be tried. The common law applying to the case, of course, is precisely to the same effect.

*Hays, Stingily & Whitten,* for appellant in response to questions from the court.

Was any statute of limitations pleaded by appellants, and, if so, what statute? Section 334, Hemingway's Code, section 574, Code of 1906, dispenses with any necessity for any answer on the part of a minor. In *Grant's Heirs* v. *Craigmiles,* 1 Bibb. (Ky.) 203, the court applied for the benefit of the infant, the statute of frauds, to a bill for specific performance of a parol contract of land, although the statute was not insisted upon by the guardian. "It is the duty of the chancellor to protect the rights of minors, whether the proper defense be made or not." *Price* v. *Crone,* 44 Miss. 556, at page 575.

"Under prior decisions of our court and under well-recognized procedure in equity, it is the duty of the court to safeguard the interest of minor defendants, to make valuable elections for them, etc., and to see generally that their interests are fully protected." *Price* v. *Crone,* 44 Miss. 571; *John* v. *Smith,* 56 Miss. 724; *Miller* v. *Palmer,* 55 Miss. 323; *Northern* v. *Scruggs,* 118 Miss. 353, at page 271; see, also, *Neblett* v. *Neblett,* 70 Miss. 572, at page 576; *Jones* v. *Gurlie,* 61 Miss. 428. The appellant in her said answer pleads a conversion.

In the concluding paragraph of her answer, she invokes the statute of limitations. Section 2461, Hemingway's Code; section 3097, Code of 1906. "But when goods are tortiously taken, the statute begins to run from the taking, for the tortious act itself is a conversion. So an unlawful disposition of property, rightfully in possession, is a conversion, and the statute begins to run from the time of first disposition, and it is immaterial whether the plaintiff knew about it or not, if no fraud was practiced to prevent the knowledge. *Johnson* v. *White,* 13 S. & M. 584. The complainant knew he had executed an absolute assignment and delivered the policy to his father thereunder. He knew his father had not reassigned the policy to him. He knew that a reassign-

ment in writing was necessary. No fraud is charged in the bill. At best he could excuse himself only on the ground that he had neglected the matter. From this date a period of eleven years elapsed before suit was brought. One of the best cases in the books on laches and stale demands is *Buckner* v. *Calcote,* 28 Miss. 432, and particularly at page 596. The statute of limitations begins to run whenever the cause of action accrues. *Johnson* v. *Pyles,* 11 S. & M. 189; *Central Trust Company* v. *Light & Railway Company,* 106 Miss. 431.

*Gardner & Gardner,* for appellee.

The proposition that appellee was disqualified to testify, by reason of our statute, which makes incompetent the testimony of a claimant against the estate of a deceased person, has no bearing whatever in this case. Section 1577 of Hemingway's Code, deals with the incompetency of a claimant against the estate of a deceased person. This statute has been construed in many cases in this state, and the uniform holding has been, that where the estate of a deceased person is not directly involved, that the witness is not disqualified because of incompetency. In other words, the rule is, that in order to disqualify a witness on the ground of incompetency, the proof must show that the estate of the deceased person is directly affected by his testimony. The four cases relied upon by counsel for appellant are absolutely without any merit so far as affecting appellee's right in this case, because this is not a controversy between appellee and the estate of J. A. Townes, or any part of it.

We call your attention now to just a few cases which hold that where the estate of a deceased person is not directly connected with the litigation, the witness is a competent person to testify. *Love* v. *Stone,* 56 Miss. 449; *Faler* v. *Jordan,* 44 Miss. 286; *Lamar* v. *Williams, Adm'r.,* 39 Miss. 347, and 37 Miss. 458; *Combs* v. *Black,* 62 Miss. 831; *Cole* v. *Gardner,* 67 Miss. 670. One of the strongest

cases we find bearing on this case is *Fennell, Adm'r.*, v. *McGowan*, 58 Miss. 261. See, also, *Gordon et al.* v. *McEachin*, 57 Miss. 834; *Cole* v. *Gardner*, 67 Miss. 670; *Horne* v. *Nugent, et al.*, 74 Miss. 102; *Jones* v. *Bank*, 71 Miss. 1023. Then again, "To exclude a party as a witness to prove his own claim or right, it must be against the estate of a deceased person in the suit in which he proposes to testify." *Jackson* v. *Smith*, 68 Miss, 53; *Cole* v. *Gardner*, 67 Miss. 670; *Wood* v. *Stafford, et al.*, 50 Miss. 370. It is not a valid objection that the testimony of the witness will remotely and collaterally contribute to or create a liability that may or may not be vindicated in view of the proceeding. 37 Miss. 458; 39 Miss. 342; 44 Miss. 283. Extent of application of statutes generally.

It may be laid down as a general rule that statutes generally providing that one party in interest shall not testify where the adverse party is dead, or is incompetent by reason of insanity, apply only to such cases as are fully within their provisions. The court displays disinclination to extend the statutes by implication. R. C. L. 28, page 493, sec. 79; 134 A. S. R. 226; 23 A. S. R. 404; 11 A. S. R. 420; 9 A. S. R. 823; 12 L. R. A. 837.

No statute of limitations is mentioned in the answer, and it was a matter of conjecture upon which statute they relied, until we find in their brief they set up the six-year statute. We submit, however, that in order for appellant to take advantage of any statute of limitations, that this statute should have been pleaded. *Bridgeforth* v. *Payne*, 62 Miss. 777; *Patterson* v. *Ingraham*, 23 Miss. 87; *Hendrix* v. *Pugh*, 57 Miss. 157; *McNair* v. *Stanton*, 57 Miss. 298; *Anderson* v. *McNeil*, 82 Miss. 542.

*Gardner & Gardner*, for appellee, in response to questions from the court.

The assignment of errors in this case, which should control, does not point out, or indicate, any statute of

limitations. Rule 7 of this court. We are still in the dark as to what statute of limitations is pleaded. Counsel seem to call this court's attention to two statutes of limitations, the ten-year statute, under section 3125 of the Code of 1906, or section 2489 of Hemingway's Code, and then again call attention to the six-year statute, in section 3097 of the Code of 1906, or section 2461, Hemingway's Code. Counsel do not seem to know which of these statutes applies, and evidently expect this court to point out "what statute" is applicable. The burden of appellant's brief seems to be that for fourteen years, to-wit: from 1909, when the policy was assigned, to the bringing of this suit, the policy was in the possession of J. A. Townes, deceased, and appellant. This allegation of appellant's brief overlooks the fact that the undisputed proof is, that on January 14, 1913, four years after the alleged assignment, there was a settlement between J. A. Townes, deceased, and appellee, in which the policy —even if it had been assigned outright before that time —was then returned to appellee, and placed by appellee in the safe of J. A. Townes, which safe, it seems, was a kind of depository for the valuables of all of the members of the Townes family.

We don't understand that, because appellant happens to be a minor, that the next friend is not called upon to observe the elementary rules of pleading. This court has said in the case of *Ferguson* v. *Bobo,* 54 Miss. 127: "Infancy is a shield and not a sword." This court will bear in mind that this infant has never paid out one cent, nor have her parents ever paid out one cent, for this policy. She is a volunteer, pure and simple, and her only right or claim rests upon an alleged gift, wrongfully made, evidently by mistake and through error by appellee's father.

Argued orally by *Carl Stingily & J. O. S. Sanders,* for appellant and *A. F. Gardner,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellee, J. K. Townes filed his bill in the chancery court of Tallahatchie county against appellant, Elizabeth Garner, a minor, and the Equitable Life Assurance Society, by which he sought to cancel an assignment of a five thousand dollar life insurance policy on his life in said insurance company made by his father, James A. Townes, deceased, in his lifetime to appellant, and to have said insurance policy in the hands of appellant surrendered up and delivered to appellee. The appellant answered, denying the material allegations of the appellee's bill. The Equitable Life Assurance Society answered as called upon by the bill, giving a history of the insurance policy in question as shown by the records of its office, and disclaiming any interest in the subject-matter of the litigation. The cause was heard on bill, answers, and proofs, and a decree rendered granting the prayer of the appellee's bill, from which appellant prosecutes this appeal.

Appellee-made by his bill, and his evidence tended to establish, the following case: James A. Townes, deceased, the father of appellee and the grandfather of appellant, was a large cotton planter in the Delta section of this state, living on his plantation. During the year 1892 appellee took out a five thousand dollar life insurance policy on his life in the Equitable Life Assurance Society. His father had in his residence a safe, where he as well as appellee kept their valuable papers. When this insurance policy was obtained by appellee in 1892 he placed it in said safe in his father's home, where it remained until March, 1913, when his father assigned the same to appellant, his granddaughter; such assignment evidencing a gift from the grandfather to the granddaughter. The policy matured during the year 1912. Prior thereto, and on December 16, 1909, appellee borrowed from his father the sum of three thousand five hundred dollars with which to rebuild his home which

had been destroyed by fire, and to secure the loan as-
signed, and transferred to his father the policy of in-
surance involved. This assignment was in writing, and
was absolute in form, and was signed and acknowledged
by appellee. Appellee testified, however, and his testi-
mony was corroborated by other evidence that, although
the assignment of said policy was absolute in form, it
was only intended as security for said debt to his father.
In January, 1913, appellee had a settlement with his
father by which his entire indebtedness to his father in-
cluding said loan of three thousand five hundred dollars,
was paid, and the life insurance policy in question was
thereupon surrendered to appellee by his father, and at
the request of appellee was returned to his father's safe,
where it had been kept since its issuance in 1892, with
the understanding that his father would at once prepare
or have prepared in writing a reassignment of said policy
to appellee, and sign and acknowledge the same. In a
day or two afterwards appellee's father undertaking to
carry out this agreement, together with Mr. Farquhra-
son, who was his nurse and attendant, and who, when
called upon, assisted him about his business affairs, went
to Minter City to the office of a justice of the peace, tak-
ing this policy along; his purpose being to execute a re-
assignment of said policy to appellee, but found the
office of the justice of the peace closed. Shortly after-
wards James A. Townes went to Battle Creek, Mich., for
his health, and remained awhile, and came back and soon
died.

The settlement claimed by appellee to have been had
with his father which resulted in the reassignment and
delivery of said policy back to appellee was witnessed
and testified to by appellee, the said Mr. Farquhrason,
appellee's wife, and appellee's daughter, Mrs. Parker.
The assignment of the policy by James A. Townes to
appellant, his granddaughter, took place on the 26th of
March, 1913, less than three months after said settlement
and surrender and delivery of said policy to appellee.

Substantially all of the material facts attending the settlement between appellee and his father, including the surrender and delivery up of said policy to appellee, were testified to, not only by appellee, but by the other witnesses named above. At the time of the assignment of said policy to appellant, and for some time prior thereto, James T. Townes had in his safe in his home, in addition to the policy here involved and other valuable papers belonging to appellee, two policies of insurance of five thousand dollars each on the life of the appellee in the Des Moines Life Insurance Company, which had been taken out some years before by appellee, and by him assigned to his father, who had paid the premiums on the same. The bill charges that James A. Townes, in assigning the policy here involved to appellant on the 26th of March, 1913, intended and thought he was assigning one of these policies in the Des Moines Life Insurance Company. However, there was no direct evidence to sustain this charge in the bill; there were only inferences from proven facts and circumstances.

Three questions involved in this case we think of sufficient seriousness to call for a discussion. They are: (1) Whether appellee, under section 1917, Code of 1906 (Hemingway's Code, section 1577), was a competent witness in his own behalf? (2) Whether, under section 4783, Code of 1906 (Hemingway's Code, section 3127), evidence was admissible to prove that the assignment of said policy of insurance in absolute form was only intended by the parties as collateral security for appellee's indebtedness to James A. Townes? (3) Whether the cause of action was barred by the statutes of limitation?

We will discuss these questions in the order stated.

(1) Section 1917, Code of 1906 (Hemingway's Code, section 1577), renders incompetent a person to testify as a witness to establish his own claim or defense against the estate of a deceased person which originated in the lifetime of such deceased person.

Appellant contends that appellee was incompetent as

a witness under this statute; that the effect of his evidence was to establish his own claim against the estate of a deceased person, that of his father.

In considering this question the following facts which we deem controlling should be kept in mind. The estate of James A. Townes, deceased, is not a party to this suit. Before his death James A. Townes, by assignment to appellant, taking appellant's evidence to be true, divested himself of all right, title, or interest in the policy. He therefore had divested himself of any interest in this policy either by reassignment and delivery to appellee or by assignment and delivery to appellant. He had done one or the other or both. Taking the evidence of the respective parties to be true he had done both. But, as a matter of law, one or the other of those assignments must stand. Both cannot stand. The assignment of the policy to appellant by her grandfather was a gift; no consideration passed. She was therefore a mere volunteer. There is no conflict in the evidence as to the fact that at his death James A. Townes owned no interest in the policy. Therefore we have a case where the evidence shows, and undoubtedly competent evidence, that this policy of insurance at the time of the death of James A. Townes constituted no part of his estate.

If appellee succeed in this case, he will not be establishing his claim against the estate of his father. The estate of James A. Townes, deceased, is neither directly nor indirectly involved in this cause. To put it differently: If appellee succeed, the estate of his father will not diminish one particle either in this suit or any other suit which may result therefrom. If appellant lost the policy in question, she cannot call upon her grandfather's estate to make the loss good, because she paid nothing for it; she was a mere volunteer.

We are of opinion that the following decisions of this court settle the proposition that a party to a cause so situated is a competent witness under said statute. *Love* v. *Stone,* 56 Miss. 449; *Faler* v. *Jordan,* 44 Miss.

283; *Combs* v. *Black,* 62 Miss. 831; *Cole* v. *Gardner,* 67 Miss. 670, 7 So. 500; *Fennell* v. *McGowan,* 58 Miss. 261; *Gordon* v. *McEachin,* 57 Miss. 834; *Jones* v. *Bank,* 71 Miss. 1023, 16 So. 344; *Jackson* v. *Smith,* 68 Miss. 53, 8 So. 258; *Wood* v. *Stafford,* 50 Miss. 370.

The cases relied on by appellant, *Griffin* v. *Lower,* 37 Miss. 458; *Lamar* v. *Williams,* 39 Miss. 342; *Jacks* v. *Bridewell,* 51 Miss. 881; *Whitehead* v. *Kirk,* 104 Miss. 776, 61 So. 737, 62 So. 432, 51 L. R. A. (N. S.) 187, Ann. Cas. 1916A, 1051, are not in conflict with the views here expressed. They were all cases in which the estate of a deceased person was involved.

2. Appellant contends that, under section 4783, Code of 1906 (Hemingway's Code, section 3127), providing that a writing absolute on its face, where the maker parts with the property conveyed, shall not be proved by parol by either party to be a mortgage, unless fraud in its procurement is the issue to be tried, parol evidence was not admissible to show that the assignment of the policy by appellee to his father absolute in form was only intended to be as collateral security. *Armstrong* v. *Owens,* 83 Miss. 10, 35 So. 320, determines this question against appellant's contention. It was held in that case that this statute applied only to tangible property, and did not embrace a life insurance policy.

3. In considering what statute of limitations applies to this cause of action it is necessary to determine whether it is a cause cognizable alone in a court of equity. The gravamen of the bill is to cancel the assignment in writing of James A. Townes to appellant, and to require appellant to surrender up to appellee the policy in question. After the settlement between appellee and his father in January, 1913, and the surrender of the policy by the latter to the former, the father had no interest left, except the bare legal title, which later he assigned to appellant, but appellee had the beneficial interest. To state the cause it seems is to answer the question. Certainly a court of law would not have jurisdiction of such

a cause of action. There is no statute of limitations dealing specifically with such a cause. Therefore section 3125, Code of 1906 (Hemingway's Code, section 2489), applies. This statute provides, among other things, that bills for relief not elsewhere specifically provided for shall be filed within ten years after the cause of action accrued. This suit was brought within ten years after appellee's cause of action accrued. Until March 26, 1913, when appellant claims that her grandfather assigned said policy to her, the possession of said policy by appellee's father was appellee's possession. The policy was in the safe of James A. Townes, where appellee had left it for safe-keeping. In fact, the policy was in appellee's possession until March 26, 1913, although it was in the safe of his father for safe-keeping. The assignment by appellee's father to appellant was the act (conceding that appellee knew of it at the time) that set the statute of limitations in motion. No cause of action existed before that. The possession or custody of James A. Townes was the custody of the appellee. It was not adverse to appellee. This suit was brought within ten years from that date.

*Affirmed.*

ON SUGGESTION OF ERROR.

SMITH, C. J., delivered the opinion of the court.

This is a suit in equity, in which the appellee was awarded in the court below the possession of an insurance policy for five thousand dollars, now in the possession of and claimed by the appellant. The decree of the court below was affirmed on a former day of the present term of this court. In the judgment affirming the decree of the court below the appellant and the sureties in his *supersedeas* bond were taxed with the costs, but with no damages. The appellee now moves the court to correct this judgment, by adding thereto five per cent. of the amount for which the policy was issued as damages. Sec-

tion 4926, Code of 1906 (section 3202, Hemingway's Code), provides that:

"In case the judgment or decree of the court below be affirmed, . . . the supreme court shall render judgment against the appellant for damages, at the rate of five per centum and costs, as follows: . . . If the judgment or decree be for the possession of real or personal property, the damages shall be assessed on the value of the property."

Section 4927, Code of 1906 (section 3203, Hemingway's Code), provides that, if the value of the property in controversy does not appear in the record, the case shall be remanded to the court below for the ascertainment thereof in order that the amount of damages may be determined. The policy here in controversy is of course personal property, but there is no evidence in the record from which its present value can be ascertained, so that the amount of damages to which the appellee is entitled cannot be now determined. The motion, however, will be sustained to the extent that the judgment by which the decree of the court below was affirmed will be corrected, so as to award the appellee five per cent. damages on the value of the policy, for the ascertainment of which value the cause will be remanded to the court below.

*Sustained in part and cause remanded.*