PATTERSON, Chief Justice,
for the Court:
Mrs. Martha Schuh Smith is the widow and Mrs. Nelda T. Hinton is the ex-mistress of James D. Smith. The controversy between them is the proceeds of an insurance policy purchased by James D. Smith from Mutual Life Insurance Company of New York (MONY). When issued in 1969, Mrs. Smith was designated the beneficiary of the policy, the children of the marriage being the alternate beneficiaries. On November 14, 1973, the beneficiary was changed by the insured to Mrs. Hinton, his estate being named the contingent beneficiary.
Mrs. Smith and the executor of Smith’s estate brought this suit against Mrs. Hinton and MONY seeking the proceeds of the policy. The bill of complaint as amended alleged these theories for recovery:
(1) That James D. Smith was intoxicated when the change of beneficiary form was executed and was incompetent to understand and appreciate the purported change of beneficiary and it was void;
(2) That Mrs. Hinton had exercised undue influence upon Smith to entice and induce the change; and
(3) The policy had been "transferred to the appellant by inter vivos gift prior to Mrs. Hinton’s being designated the beneficiary.
In her answer Mrs. Hinton denied these allegations and filed a cross bill against Mrs. Smith and MONY asserting that she was the designated beneficiary of the policy and entitled to its benefits.
MONY interpled the policy proceeds and was nonsuited. The First National Bank tendered its resignation as executor and the cause proceeded to trial between Mrs. Smith as an individual and as executrix de bonis non of her husband’s estate and Mrs. Hinton.
The issue being joined, the Chancery Court of Hinds County, First Judicial District, heard the cause and concluded that Mrs. Smith was not the recipient of the policy by an inter vivos gift and that James D. Smith was not unduly influenced by Mrs. Hinton in procuring the change of beneficiary. Though unmentioned by the court, it is implicit from the court’s conclusion that it determined Smith was not incapacitated by alcohol when the last beneficiary form was executed. A decree for Mrs. Hinton was thereupon entered.
In Stepson v. Brand, 213 Miss. 826, 58 So.2d 18 (1952), it was held that a policy of life insurance may be made the subject of a valid parol gift provided all of the essential elements of a gift are present and, moreover, the power to change the beneficiary may itself be the subject of a gift. As to the latter we stated:
If, by contract or by way of gift, the right to change the beneficiary is waived, the beneficiary secures a vested interest which may not be defeated by the insured attempting to change the beneficiary. (213 Miss. at 835, 58 So.2d at 21)
Mrs. Smith assigns as error the sustaining of an objection to her testimony concerning the inter vivos gift alleged to have been made by her husband. The objection was sustained because the trial court was of the opinion that Mississippi Code Annotated section 13-1-7 (1972) [the dead man statute], rendered this evidence incompetent. In pertinent part Section 13-1-7 provides:
A person shall not testify as a witness to establish his own claim or defense against the estate of a deceased person, which originated during the lifetime of such deceased person, or to establish any claim he has transferred since the death of such decedent. .
Of the numerous annotations under Section 13-1-7 there is the consistent thread that before the section becomes applicable, there must be-’a claim directly af *512 fecting the estate of a decedent. Poole v. McCarty, 240 Miss. 341, 127 So.2d 398 (1961), and Shepherd v. Johnston, 201 Miss. 99, 28 So.2d 661 (1947). We are of the opinion that Smith’s estate cannot be directly affected by the claim of his widow that she was the donee of the policy during her husband’s lifetime, and neither can it be affected by the claim of the last designated beneficiary, Mrs. Hinton. In the event Mrs. Smith prevails, her husband would have divested himself of his interest in the policy so that it would not become a part of his estate upon his death. On the other hand, if Mrs. Smith is unable to establish an inter vivos gift to herself, then by the terms of the policy Mrs. Hinton is entitled to its proceeds. One or the other of these eventualities will be determined by the suit, neither leaving a contingency by which the estate of Smith will be either increased or decreased. The appellant’s claim of an inter vivos gift is therefore not against Smith’s estate in our opinion. In Garner v. Townes, 134 Miss. 791, 100 So. 20 (1924), an analogous situation, we so held and find persuasive to this view Sheeler v. Sheeler, 207 Md. 264, 114 A.2d 62 (1955). We conclude the trial court erred in rejecting the testimony of Mrs. Smith in her attempt to establish an inter vivos gift of the policy from her husband.
We are of the further opinion there was no error in the finding of the trial court, from the facts then before it, that the insured was not unduly influenced by the appellee. The record discloses that Mrs. Hinton had no knowledge of the change of beneficiary to herself until she was informed by the insured of the change subsequent to the act. There is no persuasive evidence to indicate that her will dominated or replaced the free will and choice of Smith. The trial court is affirmed in this finding.
We are urged to hold that a confidential relationship arising from the meretricious relationship existed between Mrs. Hinton and Smith so that the burden of proof rested upon Mrs. Hinton to prove the gift was not violative or the product of the confidential relationship. The appellant cites Benner v. Pedersen, 143 So.2d 722 (Fla.App.1962), and Beatty v. Strickland, 136 Fla. 330, 186 So. 542 (1939), in support of this argument. We note the rule announced in these cases is in a decided minority and we are presently unwilling to opine that a meretricious relation, though long continued, is sufficient within itself to shift the burden of proof as is done in other confidential relationships.
The objection based upon Section 13-1-7 was erroneously sustained, requiring the cause to be reversed. However, the lower court is affirmed in its finding there was no undue influence from the evidence then before it.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.
SMITH and INZER, P. JJ., specially concur.
BOWLING, J., took no part.