**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2002-CA-00653-SCT**

*HALBERT E. DOCKINS, JR.*

*v.*

*MICHAEL S. ALLRED, JOHN I. DONALDSON AND*
*ALLRED & DONALDSON, A PARTNERSHIP*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/24/2001 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | THOMAS HENRY FREELAND, III |
| | ANITA M. STAMPS |
| ATTORNEYS FOR APPELLEES: | JAMES P. COTHREN |
| | MICHAEL S. ALLRED |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 06/26/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, P.J., COBB AND CARLSON, JJ.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This is an appeal from a Hinds County Circuit Court decision setting the statutory penalty for

pursuing a prior unsuccessful appeal.  Attorney Halbert E. Dockins, Jr. ("Dockins"), and attorneys Michael

S. Allred and John I. Donaldson and their law firm of Allred and Donaldson (collectively "Allred") entered

into an agreement to share the attorney's fee resulting from a successful lawsuit against the Loewen Group.

The fee included cash, stock, and a promissory note.  Dockins appealed the trial court's grant of summary

judgment to Allred for division of the fee. This Court affirmed in ***Dockins v. Allred***, 755 So. 2d 389

("***Dockins I***"), and remanded the case to the trial court to determine the amount of the

statutory penalty.  The trial court based the amount of the penalty on the entire attorney's fee and valued

the stock included in the fee as of the date of its original grant of summary judgment rather than the date of the Supreme Court mandate. There was no penalty assessed on the promissory note from Loewen because it was payable in future installments. We find that the trial court erroneously applied the statutory penalty to the entire attorney's fee and erroneously valued the stock included in the fee as of the date of its summary judgment. We, therefore, reverse and remand.

## FACTS

¶2. This matter began as a dispute between Dockins and Allred over the division of an attorney's fee. There was a written agreement between the two to divide the fee equally unless one of the firms worked substantially more hours on the case than the other. If that occurred, the fee was to be divided pro rata based on the hours worked. However, each firm was guaranteed at least 25% of the fee, no matter the disparity in the hours worked. Dockins alleged his firm was due at least 75% of the total fee. He also alleged fraud by Allred which, if proven, arguably could have led to the entire fee being awarded to Dockins. However, in a hearing to set the amount of a supersedeas bond for the prior appeal, the attorney for Dockins did indicate "the highest percentage that we thought we were entitled to is at least half the amount of [the fee]."

¶3. The trial court, during a hearing to fix the amount in controversy prior to the appeal in *Dockins I*, set the amount as 21.53% of the attorney's fee - i.e. 50% of the fee minus the 28.47% that was awarded to Dockins by the trial court. In doing this, the trial court adopted Allred's recommendation on the method of calculating the amount in controversy. Dockins then appealed without supersedeas. This Court affirmed the trial court's grant of summary judgment and issued its mandate on February 24, 2000. On remand to determine the statutory penalty for pursuing an unsuccessful appeal, the trial court applied the 15% appeal

2

penalty to the entire attorney's fee and valued the stock included in the fee as of July 18, 1997, the date of its grant of summary judgment. Aggrieved, Dockins filed this appeal.

¶4.     The following issues are raised by this appeal:

> **I.     WHETHER THE TRIAL COURT WAS CORRECT IN ASSESSING THE STATUTORY PENALTY ON THE ENTIRE ATTORNEY'S FEE.**
>
> **II.    WHETHER THE TRIAL COURT WAS CORRECT IN VALUING STOCK INCLUDED IN THE ATTORNEY'S FEE AS OF THE DATE OF SUMMARY JUDGMENT INSTEAD OF THE SUPREME COURT MANDATE.**

### STANDARD OF REVIEW

¶5.     We review questions of law de novo. *Mason v. State*, 781 So. 2d 99, 100 (Miss. 2000). Despite Allred's assertions to the contrary, the determination of the amount in controversy on appeal, as well as the timetable for valuing property that is the subject of that appeal, are questions of law. Obviously, the date to value property is a question of law; no factual determination will allow a trial court the discretion to set the date of valuation as it chooses. Likewise, the amount in controversy is a question of law; the amount of money at issue does not vary based on occurrences and circumstances of which the trial court is the closest and most qualified observer. Instead, the trial court should reach this determination by interpreting the law of this state.

### ANALYSIS

¶6.     Dockins argues the trial court erred by assessing the statutory penalty on the entire attorney's fee and by setting the value of stock included in the award on the date of summary judgment.

> **I.     WHETHER THE TRIAL COURT WAS CORRECT IN ASSESSING THE STATUTORY PENALTY ON THE ENTIRE ATTORNEY'S FEE.**

¶7.    Miss. Code Ann. § 11-3-23 (Rev. 2002) provided for a mandatory penalty for pursuing an unsuccessful appeal.[1]  Section 11-3-23 provided in pertinent part:

> In case the judgment or decree of the court below be affirmed, or the appellant fails to prosecute his appeal to effect, the supreme court shall render judgment against the appellant for damages, at the rate of fifteen percent (15%) as follows: If the judgment or decree be for a sum of money, the damages shall be upon such sum.  If the judgment or decree be for the possession of real or personal property, the damages shall be assessed on the value of the property.

Where an appeal is filed claiming a portion of an asset or sum of money, the statutory penalty should only be applied to the portion claimed - i.e. the amount in controversy.  ***Holliman v. Dale***, 578 So. 2d 271 (Miss. 1991).  The statute providing damages to the appellee after an unsuccessful appeal is penal in nature and ought to be strictly construed against the party invoking it; the statute should not represent a windfall to the appellee. ***Lowicki v. Lowicki***, 427 So. 2d 917, 919 (Miss. 1983).  Because of judicial estoppel, a party cannot assume a position at one stage of a proceeding and then take a contrary stand later in the same litigation.  ***Banes v. Thompson***, 352 So. 2d 812, 812 (Miss. 1977).  The statutory penalty is applied to both real and personal property.  Miss. Code Ann. § 11-3-23.

¶8.    The heart of this issue is the amount in controversy on appeal.  The trial court, at Allred's urging, set the amount in controversy at 21.53% of the attorney's fee.  Allred stated, "the amount of cash in controversy is the difference between 28.47% and 50%."  Because of the firm's argument at the hearing to set the amount in controversy, Allred cannot now assert that the amount in controversy was greater than the 21.53% of the fee the firm claimed.  Judicial estoppel precludes a party from asserting a position,

---

[1] Section 11-3-23 was repealed by House Bill 19, 2002 Miss. Laws 3rd Extra Sess. Ch. 4 (H.B. 19) which was effective "from and after January 1, 2003, and shall apply to all causes of action filed on or after that date."  However, we need not address the applicability of H.B. 19 here since we address the proper application of section 11-3-23 prior to January 1, 2003.

benefitting from that position, and then, when it becomes more convenient or profitable, retreating from that position later in the litigation. Dockins's claim that the entire amount was in controversy (to the extent such a claim was made) does not face such a bar. "[W]hen the party making the prior statement, which is inconsistent with his position in the present action, has not benefitted by the assertion, the doctrine should not be applied." *Mauck v. Columbus Hotel Co.*, 741 So. 2d 259, 265 (Miss. 1999) (citing *Thomas v. Bailey*, 375 So. 2d 1049, 1053 (Miss. 1977)). Dockins did not benefit from his assertion that there was more than 21.53% of the fee in controversy. Allred, however, did benefit from its stance, and it is estopped from asserting a contrary position in a later proceeding involving the same controversy.

¶9.    Another issue is the amount claimed by Dockins. "If [the appellant] loses, however, he must pay the price, a price he well knows and may easily calculate before giving his notice of appeal." *Walters v. Inexco Oil Co.*, 440 So. 2d 268, 275 (Miss. 1983). The basis for Dockins's calculation surely must have been the amount determined to be in controversy by the trial court before the appeal. If we were to allow the penalty to be assessed on a different amount after the appeal has been rejected, we would deny the appellant the definitive knowledge of the costs of appeal *Walters* praises.

¶10.    While Dockins did assert, at times, that he should be entitled to more than 50% of the attorney's fee, this was a speculative claim based on actions which he alleged were fraudulent and could allow punitive damages to be assessed. If Dockins had claimed that Allred's actions were sufficiently egregious to warrant $100 million in punitive damages, would the trial court have assessed the statutory penalty at $15 million? We think the answer is no. Dockins's speculative claim for damages cannot be the basis for assessing the mandatory penalty. The assertion that he was entitled to 50% of the fee is a more accurate reflection of the issue that was appealed. Several times during the proceeding to determine the amount in controversy, Dockins stated this as his view: "[T]he highest percentage that we thought we were entitled

5

to is at least half the amount of money that's involved." "[O]f all the money involved, at least 50% of that is definitely in controversy." "[W]e have claimed at least 50%, very close to 50% of that money[.]" Dockins's attorney did point out that, if summary judgment were reversed, a jury could award any amount to Dockins. Again, this is totally speculative. Only a definite, final judgment should be subject to the statutory penalty. As the trial court correctly determined in its hearing to set the supersedeas bond, the actual amount in controversy is 21.53% of the fee. Therefore, the trial court erred in applying the appeal penalty to the amount of the entire attorney's fee.

## II. WHETHER THE TRIAL COURT WAS CORRECT IN VALUING STOCK INCLUDED IN THE ATTORNEY'S FEE AS OF THE DATE OF SUMMARY JUDGMENT INSTEAD OF THE SUPREME COURT MANDATE.

¶11. In assessing the mandatory statutory penalty, the trial court valued stock that was a part of the award of attorney's fee as of the date of its summary judgment, rather than the date of the Supreme Court mandate. Dockins argues the appropriate date for the valuation of property is the date of the Supreme Court mandate. We agree.

¶12. "[T]he date upon which valuation of the subject properties should be made in connection with the 15% statutory penalty is ... the date of the Supreme Court's mandate affirming the lower court's decision." *Estate of Haynes v. Steele*, 699 So. 2d 918, 926 (Miss. 1997). *See also Peoples Bank & Trust Co. v. L & T Developers, Inc.*, 437 So. 2d 7, 12 n.4 (Miss. 1983); *Lowicki*, 429 So. 2d at 920. Allred points out that all of these cases involve real property, and, indeed, part of the justification for using the date of the Supreme Court mandate is the difficulty in valuing volatile real property. *Peoples Bank & Trust Co.*, 437 So. 2d at 12 n.4. This is obviously not a problem with the property in question given its daily price listing on the New York Stock Exchange. However, when asked to apply statutory

6

damages on a suit involving an insurance policy, this Court stated, the amount "in controversy is of course, personal property, but there is no evidence in the record from which its **present** value can be ascertained[.]" *Garner v. Townes,* 134 Miss. 791, 805, 100 So. 20, 23 (1924) (emphasis added). Clearly, *Garner* valued the policy, which is personal property, at its "present value" - i.e. its value on the date of the mandate.

¶13.    Allred also points to cases where the statutory penalty was not applied to post-judgment interest or damages accrued after the trial court's judgment. *Benson v. Benson*, 749 So. 2d 75, 77 (Miss. 1999); *Koehring Co. v. Hyde Constr. Co.,* 236 So. 2d 377, 382 (Miss. 1970); *Firestone Tire & Rubber Co. v. Fried,* 202 Miss. 370, 383, 31 So. 2d 116, 118 (1947); *U.S. Fidelity & Guar. Co. v. Yost*, 183 Miss. 65, 185 So. 564 (1939). However, all these cases deal with money which accrued after the trial court's judgment, i.e., interest or additional damages. The case at bar deals with property that has changed in value. It has long been the law to apply the statutory penalty to the value of property as of the date of the Supreme Court mandate, and we see no reason to change that rule. Therefore, the trial court erred as a matter of law in fixing a different valuation date for the stock.

## CONCLUSION

¶14.    The trial court incorrectly applied the statutory penalty to the entire attorney's fee and erroneously valued stock included in the fee as of the date of its summary judgment. We, therefore, reverse the trial court's judgment, and we remand this case to the trial court for further proceedings consistent with this opinion.

¶15.    **REVERSED AND REMANDED.**

**PITTMAN, C.J, WALLER, COBB, DIAZ AND CARLSON, JJ., CONCUR. McRAE, P.J., CONCURS IN RESULT ONLY. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. GRAVES, J., NOT PARTICIPATING.**