RANDOLPH, Justice,
specially concurring.
¶ 22. I agree with the Majority’s jurisdictional analysis and conclusion that the chancery court erred in granting the Swar-eks’ motion to transfer. I write separately to add that application of the doctrine of judicial estoppel and the underlying purposes of the Mississippi Rules of Civil Procedure[2] should preclude a litigant from “testing the waters” in one court, suffering adverse rulings, then deciding that their initial declaration regarding jurisdiction was erroneous, and seeking transfer to a different court or judge.
¶ 23. On March 1, 2005, the Swareks filed their Complaint in the Chancery Court of Issaquena County. According to Mississippi Rule of Civil Procedure 11(a), this signed pleading “constitutes a certificate that the attorney has read the pleading or motion; that to the best of the attorney’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay.” Miss. R. Civ. P. 11(a). On June 1, 2007, nearly two years and three months later, and following adverse rulings from the chancery court and this Court, the Swareks filed a motion to transfer the case to circuit court.
¶ 24. Without question, “[ujnder Rule 12(h)(3) a question of subject matter jurisdiction may be presented at any time, either by motion or answer. Further, it may be asserted as a motion for relief from a final judgment under MRCP 60(b)(4) or may be presented for the first time on appeal.” Miss. R. Civ. P. 12(h)(3) cmt. See also Burnette v. Hartford, Underwriters Ins. Co., 770 So.2d 948, 951 (Miss.2000) (“Miss. R. Civ. P. 12(h)(3) al *721 lows either party to move the court for a transfer based on lack of subject-matter jurisdiction”). Nonetheless, under the doctrine of judicial estoppel, a party is precluded:
“... from asserting a position, benefit-ting from that position, and then, when it becomes more convenient or profitable, retreating from that position later in the litigation.” Dockins v. Allred, 849 So.2d 151, 155 (Miss.2003). “Because of judicial estoppel, a party cannot assume a position at one stage of a proceeding and then take a contrary stand later in the same litigation.” Id.
In re Estate of Richardson, 903 So.2d 51, 56 (Miss.2005). Accordingly, litigants should be cautioned against volitionally commencing a suit in one court, proceeding to the point of adverse rulings, and only then, when said position is deemed inconvenient or unprofitable, retreating therefrom, see Dockins, 849 So.2d at 155, and seeking a motion to transfer to another court and judge. By creating the appearance of forum- or judge-shopping, the litigant risks application of the doctrine of judicial estoppel.
WALLER, C.J., CARLSON, P.J., LAMAR, CHANDLER AND PIERCE, JJ., JOIN THIS OPINION. GRAVES, P.J., JOINS THIS OPINION IN PART.

. Namely, "to secure the just, speedy, and inexpensive determination of every action.” Miss. R. Civ. P. 1.