KITCHENS, Justice,
Dissenting:
¶ 40. The doctrine of judicial estoppel “precludes a party from asserting a position, benefitting from that position, and then, when it becomes more convenient or profitable, retreating from that position later in the litigation.” Dockins v. Allred, 849 So.2d 151, 155 (Miss.2003). The doctrine applies where “intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.” Kirk v. Pope, 973 So.2d 981, 991 (Miss.2007) (internal cites omitted). “Because of judicial estoppel, a party cannot assume a position at one stage of a proceeding and then take a contrary stand later in the same litigation.” Dockins, 849 So.2d at 155 (citing Banes v. Thompson, 352 So.2d 812, 812 (Miss.1977)).
¶ 41. The trial court’s grant of summary judgment in favor of Defendant Baptist Memorial Hospital-North Mississippi was predicated upon the agreement of the plaintiffs and the other codefendants, namely, Ear, Nose & Throat Consultants of North Mississippi, PLLC, and John F. Laurenzo, M.D., that “... no expert testimony is anticipated from either of these parties, which testimony is critical of Baptist Memorial Hospital-North Mississippi or of the care rendered by the Hospital’s nursing staff or employees.” Maj. Op. at ¶ 5.
*120 ¶ 42. After entry of this final judgment in favor of Baptist Memorial Hospital-North Mississippi, from which no appeal was taken by any party, the remaining defendants, Dr. Laurenzo and his practice group, Ear, Nose & Throat Consultants of North Mississippi, PLLC, designated Dr. Keith Mansel as an expert witness. The essence of Dr. Mansel’s expert opinion is that the death of the plaintiffs’ child was not the fault of these remaining defendants, but that the child’s demise had been caused by the failed resuscitation efforts. Those efforts had been performed entirely by personnel of the dismissed defendant, Baptist Memorial Hospital-North Mississippi. It is abundantly clear that such testimony would be very much at odds with what had amounted to a stipulation between the plaintiffs and the remaining defendants that no testimony would be adduced at trial that cast blame upon the dismissed hospital’s employees.
¶ 43. While it is true, as postulated by the majority, that parties to litigation are entitled to present their theory of the case to the trier of fact, in this instance, the case theory of these remaining defendants was shaped and limited by their agreement — on the basis of which the court made the major decision to dismiss another defendant — that no blame for the child’s death would be directed toward the hospital. Yet, in the trial of the case — which ended in mistrial occasioned by a deadlocked jury — the trial court not only allowed Dr. Mansel to opine that the death was caused by untoward circumstances that developed during the unsuccessful attempt by hospital personnel to resuscitate the child, but also told the jury in its instructions: “You are instructed that Defendant contends that William Alexander Burnwatt’s death occurred during resuscitation attempts.” The proof had shown that the resuscitation efforts were performed entirely by hospital staff members, and not by Dr. Laurenzo or his practice group. The testimony of Dr. Mansel and the emphasis given it in the court’s instruction plainly had the effect of laying responsibility for the death of Alex Burn-watt in the lap of the hospital, which Dr. Laurenzo and his group had represented to the court and to the plaintiffs that they would not do.
¶ 44. It would have been a simple matter, and a proper action, for the trial court to have granted the plaintiffs’ motion in limine to the extent of precluding the remaining defendants’ placing blame, directly or indirectly, on any hospital employee, which would have been entirely consistent with the trial court’s correct determination that “Dr. Laurenzo and ENT Consultants should not now be permitted to place blame or apportion fault on a co-defendant which the Court previously adjudicated not to be at fault and accordingly dismissed with prejudice from this law suit.” Maj. Op. at ¶ 8.
¶ 45. When Dr. Laurenzo and his practice group agreed not to place blame for the child’s death on the hospital, they limited their theory of the case to their stated position that the treatment they had provided Alex Burnwatt was within the applicable standard of care, and that his loss of blood had not caused his death. Though these defendants may have found it strategically desirable to convey to the jury their expert’s opinion of what did cause the child’s death, they had irrevocably cut themselves off from doing so when they made a representation in a judicial setting, upon which the trial judge and the plaintiffs had relied, and upon which the judge had decisively acted in dismissing the hospital from the litigation.
¶ 46. Accordingly, I must respectfully disagree with the majority’s conclusion that it will be permissible for Dr. Laurenzo *121 and his practice group again to adduce evidence of the hospital’s alleged culpability upon a retrial of this case.
GRAVES, P.J., JOINS THIS OPINION.