321 So.2d 896 (1975)
MOTOR MACHINE AND SUPPLY CO.
v.
DELILAH TOWING CO., INC., and Boyce Machinery Corporation.
No. 10314.
Court of Appeal of Louisiana, First Circuit.
September 2, 1975.
Rehearing Denied November 24, 1975.
*897 Edmund J. Connely, Houma, and Wood Brown, III, New Orleans, for appellant.
B. Ralph Bailey, New Orleans, for defendant-appellee.
James E. Toups, Jr., Baton Rouge, for third party defendant-appellant Boyce Machinery Corp.
Before SARTAIN, ELLIS and BARNETTE, JJ.
BARNETTE, Judge.
This proceeding began by petition filed July 8, 1969 for collection of an account due in the amount of $1,048.14 for line-boring the block of a diesel engine in the motor vessel Delilah, on or about April 4, 1968. Reconventional demands and third party actions have made it a complicated litigation involving many issues. All parties have appealed.
The judgment of the trial court fails to mention the issue of the alleged account due for collection of which the suit was initiated. That issue seems to have been lost in the confusion of issues which followed. That demand must however, by implication and failure of specific disposition, stand as rejected and dismissed.
Before mentioning the judgment from which these appeals were taken it is necessary to define the posture of the litigants and their respective demands and counter-demands.
The defendant Delilah Towing Company, Inc.[1] owns and operates the tug Delilah, used for towing barges in the Intracoastal Canal.
The crankshaft of the engine of the Delilah was removed during an overhaul of the engine in July, 1966. It was sent to Motor Machine and Supply Company in Houston for inspection and to determine if it was suitable for rebuilding. The plaintiff, Motor Machine, made the test defined as "magnetic particle inspection" and generally referred to as "magnafluxing", a term which derives from the trade name, "Magnaflux" for equipment developed for use in the process. After magnafluxing the crankshaft Motor Machine determined that it was suitable for rebuilding and it was sent to American Crankshaft Company in North Carolina who actually did the rebuilding. For this service the defendant, Delilah was billed $1,300.00, which was paid.
The rebuilt crankshaft was returned to defendant Delilah and put in storage in its warehouse at Bourg, Louisiana, and kept as a spare. In March, 1968, it was reinstalled in the tug Delilah. This mechanical work was performed by Boyce Machinery Corporation. The Delilah was put back in service on March 13 and operated until April 2, 1968, when the crankshaft broke. It was towed to Morgan City and the engine rebuilt with a new crankshaft by Boyce Machinery Company for which Delilah was charged $5,811.81. In connection with this overhaul job, the plaintiff, Motor Machine was engaged to line-bore the engine block to insure proper alignment before installing the new crankshaft. Motor Machine's charge for this service was $1,048.14 which was stipulated to be a reasonable charge.
The Delilah was put back in service on April 12, 1968 after being out of service since the casualty of April 2, a period of ten days.
As stated above this suit was brought by Motor Machine against Delilah for collection of the $1,048.14 due for line-boring the engine block.
*898 Defendant, Delilah, answered and reconvened seeking recovery of the $5,811.81 which it had been charged by Boyce for overhaul and installation of the new crankshaft, plus $2,500.00 alleged due for down time losses during Delilah's repair. The basis of this reconventional demand was the alleged negligence of Motor Machine in improperly inspecting the crankshaft resulting in failure to discover a crack which resulted in its fracture when reinstalled and put back in service. Delilah alleged the crankshaft was not suitable for rebuilding and reuse and that Motor Machine was negligent in representing to the contrary.
Delilah then brought a third party action against Boyce for recovery of $3,548.14 in the event it should be determined that Motor Machine was not negligent and entitled to judgment on its demand for $1,048.14. To this was added $2,500.00 for down time losses, making the total $3,548.14. The basis of this third party demand is an alternative allegation of negligence on the part of Boyce in the manner in which it installed the rebuilt crankshaft which they alleged resulted in its failure. Specifically it alleged failure to properly inspect for alignment the engine block, the bearings and crankshaft.
On January 26, 1972, Boyce, third party defendant, answered denying the allegations of negligence charged by Delilah and reconvened against Delilah for the $5,811.81 Delilah owed it for rebuilding the engine and installing a new crankshaft following the casualty of April 2, 1968. In this pleading, Boyce assumed the position of a third party plaintiff against Motor Machine and Supply Company for one-half of any amount it might be cast in the event it should be held liable in solido with Motor Machine for damages to Delilah.
Delilah later amended its petitions in reconvention and by third party actions alleging various additional items of damage to increase its demands against Motor Machine and Supply Company to $11,752.17 and against Boyce Machinery Company to $15,047.32.
On these pleadings trial was had and judgment was rendered in material part as follows:
* * * * * *
"On the main demand, there be judgment rendered in favor of the defendant, Delilah Towing Company and against the plaintiff, Motor Machine and Supply Company in the full sum of * * * ($2,750.00) * * * and for all costs of the main demand, and * * *
"On the Third Party Demand, there be a judgment rendered in favor of the Third Party Plaintiff, Boyce Machinery Corporation, and against the Third Party Defendant, Motor Machine and Supply Company, in the full sum of * * * ($5,811.51 (sic)) * * * and for all costs of the Third Party Demand."
The plaintiff, Motor Machine and Supply Company, against whom the judgment was cast as defendant in reconvention to Delilah and as third party defendant to Boyce, appealed suspensively. Delilah and Boyce each appealed devolutively.
The judgment as rendered is not responsive to the pleadings and must be recast. In the first place Boyce's third party demand against Motor Machine is for one-half of such judgment as might be rendered in favor of Delilah against it and Motor Machine in solido on a finding of joint or concurrent negligence by them resulting in Delilah's loss. Boyce did not seek recovery from Motor Machine of the $5,811.81 which it charged Delilah for the mechanical work involved in installing the new crankshaft after the April 2, casualty. Boyce seeks recovery of this amount through its reconventional demand against Delilah and its judgment of recovery should be against Delilah rather than against Motor Machine. Delilah seeks recovery of this amount, with other damages from Motor Machine. The judgment will be amended and recast accordingly.
*899 There is no issue between Boyce and Delilah over the correctness of the $5,811.81 account or that it is due and owing, if Boyce is found not to have been negligent as alleged alternatively by Delilah in its third party demand. However, counsel for Motor Machine has challenged the proof of this account and has attempted by brief in this court to raise the prescription of three years for open accounts as a bar to Boyce's recovery on this claim. This is based on the work having been doen on April 4, 1968 and no judicial demand having been made by Boyce for payment until its reconventional demand was filed against Delilah January 26, 1972.
The issue of prescription which Counsel for Motor Machine has attempted to inject into this proceeding by brief and oral argument in this court, raises several interesting questions of law, namely whether it is governed by the doctrine of laches applicable under admiralty laws for maritime actions, or by the articles of the Civil Code. If the latter, whether it be three years for open accounts or ten years for contracts and whether it can be pleaded by Delilah's third party defendant, Motor Machine, or only by Delilah. Finally, whether in any event, there was an interruption of prescription by Delilah's alleged judicial acknowledgement of the account by its third party demand against Motor Machine for recovery of the amount of the account.
We cannot consider any of these questions since there has been no formal plea of prescription filed in this proceeding, either at the trial level or in this court pursuant to LSA-C.C.P. arts. 927 and 2163. The peremptory exception of prescription, regardless of any probable merit, cannot be injected as an issue in the case by brief or oral argument. Gulotta v. Cutshaw, 258 So.2d 555 (at p. 558) (La.App.1st Cir. 1972); City of New Orleans v. Di Benedetto, 144 So.2d 558 (La.App.4th Cir. 1962) and cases there cited.
On the issue of proof of the account the trial judge found that there was sufficient proof and that Boyce was entitled to recovery. There is no error in his finding in this respect and we agree that the account was proven to be correct, due and unpaid.
The principal issue upon which all other issues depend is to whom must be cast the responsibility for failure of the crankshaft with its resultant damage.
The only witness who testified as an expert in metallurgy was R. L. McDaniel. His qualifications as an expert were accepted by the court. There was no objection to his qualifications at the time but counsel for appellant, Motor Machine, has questioned his qualifications in this court. We agree with the trial judge that Mr. McDaniel was qualified as an expert in metallurgy. At the time of the trial he was employed as a metallurgist by Chrysler Corporation Space Division where the highest degree of skill is required. He has a Bachelor of Science degree in metallurgical engineering and had done work in metal failure analysis at Bell Helicopter Company. We do not question his credibility as an expert in the field of metallurgy.
The trial judge relied primarily on the testimony of this witness in reaching the conclusion that the responsibility for the installation of a defective crankshaft in the Delilah which failed after 20 days of use was that of Motor Machine and Supply Company. We find no manifest error in this finding of fact.
Mr. McDaniel saw the broken crankshaft on April 8, 1972 and was given a history of its rebuilding, storage, reinstallation and fracture. He conducted hardness tests and a laboratory examination of a broken segment and concluded that the fracture was the result of metal fatigue caused by repeated loading at less than ultimate strength but at greater than the *900 endurance limit of the crankshaft. He was of the opinion that the crack was in the shaft on March 13, 1968 when it was reinstalled in the Delilah. He further testified that the failure to discover the microscopic crack when it was rebuilt was evidently the result of a failure to properly conduct the "magnafluxing" or "magnetic particle inspection".
This witness described in detail the process by which "magnetic particle inspection" is done. The process requires the use of a black light for examination of the magnetic field. Motor Machine magnaflux expert, Al C. Rodriguez, testified that the process employed by them was to apply the black light after the magnetizing. Mr. McDaniel testified that "* * * it is generally recognized in the tradea failure to maintain the magnetic field during a test makes it of marginal usefulness". (Emphasis added) He emphasized the need of meticulous care in the cleaning process to get a proper magnetic particle inspection. A clean dry surface is an absolute requirement. Mr. Rodriguez could not remember if he personally conducted the magnafluxing of the Delilah crankshaft, but testified to the procedure which he supervises for Motor Machine and Supply Company.
Mr. McDaniel testified that it would have been impossible in his opinion for the crack to have developed resulting in total fracture in a period of 20 days use. It was his opinion that the crack was there when the crankshaft was installed and said: "I believe a properly conducted magnetic particle examination would have shown the crack * * *". He found no indication of improper lubrication. This was corroborated by Delilah's witness, Jerry Gonsoulin. There was no evidence of bearing seizure which would be indicated if there was a malalignment in the line bore.
Raymond Keller, Field Service Manager for Boyce Machinery Company with thirteen years experience in the repair of caterpillar engines of the type used in the Delilah supervised the replacement of the crankshaft which broke. He said this overhaul was necessary because of burnt connecting rod bearings. The engine was not line-bored at that time because there was "no evidence of main bearing failure." Line boring is a very expensive procedure and is not done unless the engine has been subjected to severe torque or stress which could cause distortion. This is likely to result from a breaking of the crankshaft, but not from burnt bearings. That is why the line boring was done by Motor Machine and Supply after the crankshaft was broken before Boyce installed the new crankshaft.
There is a clear preponderance of evidence that the failure of the crankshaft was the result of its being defective (cracked) when installed in March, 1968. The responsibility for this must be cast upon Motor Machine and Supply Company who undertook to determine if it was suitable for rebuilding and reinstallation in the Delilah's engine.
We find no error in the trial court's finding of fact on this crucial issue. No other conclusion could reasonably have been reached upon the evidence presented. There was no evidence of negligence or improper workmanship on the part of Boyce.
We therefore find, as did the trial judge that the entire loss must be borne by Motor Machine and Supply Company. Boyce Machinery is entitled to recovery against Delilah Towing Company in the amount of its repair bill, $5,811.81. Delilah is entitled to recovery of this amount plus its down time damage against Motor Machine and Supply Company.
We noted above the failure of the judgment below to specifically mention Motor Machine's initial demand of $1,018.14 for line-boring the Delilah engine after the crankshaft broke. This procedure was made necessary by the breaking of the crankshaft, the responsibility for which *901 was Motor Machine's. It was therefore an item of damage for which Motor Machine is liable and its demand for payment of this amount will be denied.
In all of its pleadings Delilah alleged as an item of damage the necessity to rent a substitute tug to take up Delilah's tow at a cost of $250.00 per day for ten days. It prayed for recovery of this amount $2,500.00. During the course of the trial Delilah's witness produced an invoice and testified that the charge was $275.00 per day. Objection was made to the enlargement of the pleadings. The trial judge overruled the objection and permitted the testimony. This, we think was an erroneous ruling under LSA-C.C.P. Art. 1154. The strictly proper procedure would have been to allow the plaintiff in reconvention to amend the pleadings and then to allow the objecting party, Motor Machine, an opportunity to satisfy the court that the amendment would prejudice its defense, and grant a continuance, if necessary, to meet the evidence.
Under the circumstances presented in this case, however, we hold this procedural error does not justify a reversal nor a remand which would serve no useful purpose nor alter the final judgment. Motor Machine has not alleged that it was prejudiced in its defense by the error of the trial judge. That is, it has not claimed that it would have conducted its defense any differently had it been given the opportunity afforded by Article 1154. We therefore consider the error to be harmless since the eventual outcome of the case would have been the same in either event.
Delilah has sought by its appeal to increase this award from $2,750.00 for ten days to $3,025.00 for eleven days. We will reject this additional claim. The casualty occurred on April 2, 1968 at 3:30 P.M. The Delilah was put back in service at 5:30 P.M. on April 12. This was a down time of ten days and two hours. The judgment for ten days tug rental at $275.00 per day was correct. We find no merit in Delilah's other claims for additional damage. The judgment appealed is therefore annulled and recast to read as follows:
On the main demand of Motor Machine and Supply Company for $1,048.14 there is judgment in favor of Delilah Towing Company, Inc. rejecting plaintiff's demands and dismissing its suit.
The third party demand of Delilah Towing Company against Boyce Machinery Corporation is denied and there is judgment in favor of Boyce Machinery Corporation dismissing said third party petition.
There is judgment in favor of Boyce Machinery Corporation on its reconventional demand and against Delilah Towing Company, defendant in reconvention, in the amount of $5,811.81 with legal interest from date of judicial demand.
The third party demand of Boyce Machinery Corporation against Motor Machine and Supply Company is denied and its petition dismissed.
There is judgment on the reconventional demand of Delilah Towing Company, Inc. in its favor and against Motor Machine and Supply Company, defendant in reconvention, in the amount of $5,811.81 plus the additional sum of $2,750.00 all with legal interest from date of judicial demand.
Motor Machine and Supply Company is cast for all costs.
Judgment annulled, recast and rendered.
NOTES
[1] The defendant was sued as LeBeouf Towing Co. By amended petition the name was corrected to Delilah Towing Co., Inc.