STOULIG, Judge.
Before LEMMON, STOULIG and GAR-SAUD, JJ.
This appeal involves a $530.57 property damage claim to a truck owned by the Department of Highways of the State of Louisiana. Plaintiff originally filed suit against Walter Sumner, driver of the truck that backed into the door of the State’s parked vehicle, and his employer, Douglas Wildey. More than 15 months after the accident, plaintiff filed an amended petition to join as defendants Rodney Small and his employer, Con-Plex, Division of U. S. Industries, Inc., who pleaded[1] the exception of prescription because more than a year had elapsed between the accident and the filing of the amended petition in which they were cited as defendants.
The trial court found that the negligence of Rodney Small was the sole proximate cause of the accident and the record fully supports this result.
Briefly, Small, who had been seated in the rear seat of the Highway Department truck, opened the door as a dump truck operated by Sumner was moving between 12 and 18 inches from the side of the plaintiff’s vehicle. Small should have been aware that the truck was going to be put in motion as he opened the door; however, his negligence in failing to look before executing this maneuver resulted in the door of plaintiff’s truck being pushed into the path of the moving dump truck which was backing up. Had Small not opened the door, no accident would have occurred.
The trial court properly dismissed plaintiff’s suit against Sumner and Wildey but erred in overruling the plea of prescription filed on behalf of Con-Plex. The original petition would have served to interrupt prescription running in favor of Con-Plex only had the original defendants been liable with it as a cotortfeasor. Absent solidary liability with a defendant timely cited, a negligent late-joined defendant may successfully plead prescription. Fontenot v. Lucas, 228 So.2d 211 (La.App. 3d Cir. 1969). Con-Plex’s plea of prescription is maintained.
Although the exception of prescription is also urged on Small’s behalf in brief, we note that no formal plea of prescription has been filed on his behalf. A peremptory exception must be filed if pre *1066 scription is to be considered on any basis. The court cannot raise it ex proprio motu nor will it consider the plea that has simply been injected in brief or oral argument. Motor Machine & Supply Co. v. Delilah Towing Co., Inc., 321 So.2d 896 (La.App. 1st Cir. 1975); City of New Orleans v. Di Benedetto, 144 So.2d 558 (La.App. 4th Cir. 1962); Merchants Adjustment Bureau v. Malta, 102 So.2d 781 (La.App. 2d Cir. 1958).
For the reasons assigned, the judgment appealed from is reversed insofar as it overrules the plea of prescription urged for Con-Plex and plaintiffs suit against Con-Plex is hereby dismissed. In all other respects the judgment is affirmed. Defendant Small is to pay all costs of this litigation.

REVERSED IN PART; AFFIRMED IN PART; AND RENDERED.

LEMMON, J., dissents with written reasons.

. Con-Plex filed a plea of prescription in the trial court and it was also urged on appeal in the brief filed in Small’s behalf.