STOKER, Judge.
Wylie B. Pearce, III appeals the dismissal of his suit in which he claimed worker’s compensation benefits because of an occupational disease.
FACTS
Wylie Pearce was hired by the George P. Reintjes Company in 1978 as a boilermaker. He had been a member of the boilermakers’ union since 1963, and had worked for several companies over the years. At Reintjes, a refractory, Pearce was exposed *893 to chemical fumes, as he had been at his previous places of employment. He claims that at Reintjes he began to suffer from progressively worsening breathing problems, chest tightening and congestion. He alleges that he had not experienced these symptoms at previous job sites. From January 1980 to June 1981, Pearce left Reintjes to see if the condition would improve. Apparently it did, though he had a relapse when he attempted to do some painting in October 1980. He returned to Reintjes at the request of his managers there in June 1981, but quit the following month because his condition worsened.
Pearce claimed benefits for permanent and total disability on the basis that he has developed a sensitivity to fumes and gases because of his exposure to the fumes at Reintjes, and that this sensitivity constitutes an occupational disease. He contends that he can no longer pursue his trade, because most of a boilermaker’s work is performed in a chemical-filled environment. He sued Reintjes on October 21, 1981 for worker’s compensation, and alleged that the employer’s refusal to pay was arbitrary and capricious. He later added Reintjes’ compensation carriers, Associated Indemnity Insurance Company and Travelers Insurance Company. Reintjes filed an exception of prescription on February 29, 1984, almost a year after its answer, asserting that Pearce’s suit was not filed within the six-month period provided in LSA-R.S. 23:1031.1 E. No exception of prescription was filed on behalf of the two defendant insurers.
After trial on January 29, 1985, the trial judge concluded that Pearce was not disabled, and the suit was dismissed at Pearce’s cost. He appeals.
PRESCRIPTION
The trial court made no comment on Reintjes’ exception of prescription. The exception was filed subsequent to the filing of Reintjes’ answer. . Consequently, it was proper to refer the exception to the merits and to dispose of it on trial. LSA-C.C.P. art. 929.
Reintjes argued that when Pearce left work in January 1980, he suspected that his ailments were related to his employment, and that he was sure of the connection by the time he consulted a pulmonary specialist during 1980. That specialist advised him to contact a doctor who treated industrial diseases.
LSA-R.S. 23:1031.1 E provides:
“E. All claims for disability arising from an occupational disease are barred unless the employee files a claim with his employer within six months of the date that:
(a) The disease manifested itself.
(b) The employee is disabled from working as a result of the disease.
(c) The employee knows or has reasonable grounds to believe that the disease is occupationally related.”
Reintjes asserts that it had no notice of Pearce’s claim until it was served in this suit. Pearce did not collect any benefits during his one and a half year absence from the company. He testified that he discussed his problems with his managers at Reintjes, and told them that he was planning to see a specialist. There is no evidence that he ever claimed compensation prior to filing suit.
In Thornell v. Payne & Keller, Inc., 442 So.2d 536 (La.App. 1st Cir.1983), writ denied, 445 So.2d 1231 (La.1984), the court construed parts (a), (b) and (c) of 23:1031.1 E as conjunctive, rather than disjunctive. Thus, all three elements are necessary for the six-month prescriptive period to commence.
We presume that Pearce’s claim is that his disability is to be measured from July 1981, when he quit working at Reintjes for the second time. His suit filed in October 1981 would be timely in this time frame.
From the evidence presented by Pearce, we conclude that nothing happened in June and July of that year to change his condition. He left Reintjes in January 1980, suspecting that his problems were job-related. A pulmonary specialist confirmed his suspicions later that year. *894 When he was asked to return to Reintjes in June 1981, he initially declined, as he felt he was unable to tolerate the environment. Two doctors found no permanent damage to Pearce’s lungs, and the June-July exposure apparently did nothing to exacerbate his condition.
As we see it, Pearce failed to show that the grounds for his compensation claim did not exist before he returned to Reintjes in 1981. No new developments took place; his condition was not any worse than it had been before; he had already terminated his employment a year and a half earlier as he believed he was incapable of continuing his work; and he learned nothing from his complaints in July 1981 that he did not know before. Therefore, we feel that even if Pearce’s claim of an occupational disease was valid, it prescribed before October 21, 1981, when he filed suit. His claim is barred by LSA-R.S. 23:1031.1 E.
Pearce initially filed suit against Reintjes alone. Reintjes filed its exception of prescription on February 28, 1984. The two insurers were not added until July 17, 1984, when Pearce named them in a supplemental and amending petition. Neither company raised the issue of prescription, either in an answer or by a separate exception. Nevertheless, the insurers argue in their briefs that while there is no liability on the merits, in any case Pearce’s claim prescribed.
An argument raised for the first time in an appellate brief that a claim has prescribed cannot be considered where no pleading to that effect has been filed. O’Rourke v. Cormier, 459 So.2d 200 (La.App. 3d Cir.1984); Motor Machine & Supply Co. v. Delilah Towing Co., Inc., 321 So.2d 896 (La.App. 1st Cir.1975), writ refused, 325 So.2d 279 (La.1976). The plea cannot be supplied by the court. LSA-C. C.P. art. 927. This action against the two insurers is a suit on a direct obligation. LSA-R.S. 23:1162 A. It was incumbent on these two insurers to raise the issue on their own behalf. The bar of prescription invoked by Reintjes alone does not operate in favor of the insurers. Accordingly, the case as to them must be decided on the merits.
LIABILITY OF INSURERS ON THE MERITS
The trial judge made the following comments on the evidence:
“There is no evidence that employment by defendant caused plaintiff to have an allergy. According to the physicians, the allergy was inherited and about ten percent of the population has an allergy. There simply is no proof that employment caused Mr. Pearce to acquire his allergic condition. He is not disabled. He can still do the work of a boilermaker without any problem so long as he does not expose himself to chemical odors to which he is allergic.”
We agree with the trial court’s findings. Both doctors who testified stated that Pearce had no permanent lung damage. He had no spontaneous symptoms; that is, when he was not exposed to a substance to which he was allergic, he had no trouble. One doctor said, “I do not believe that any of the chemical fumes he breathed in the plants, [sic] are the cause of his underlying condition. I believe he inherited it.”
Pearce’s problems improved when he left Reintjes. He complains of residual effects, but the evidence shows only that he is an allergic individual, a tendency which existed even before he began working at Reintjes. Tests were not performed to determine exactly which chemicals aggravated Pearce’s allergies, but there is no reason why Pearce cannot work as long as he avoids those particular fumes. Since he worked in environments free of those chemicals until 1978, we cannot find him disabled.
Our courts have considered complaints similar to Pearce’s, and have come to the same conclusion. In Parks v. Insurance Co. of North America, 340 So.2d 276 (La.1976), the Supreme Court denied recovery to a seamstress who alleged that cloth dust at work aggravated her bronchitis. The court found that once the plaintiff recov *895 ered from her temporary attack with no residual effects, the inadvisability of her working in a garment factory was no greater than it had been when she commenced working for the defendant employer. Asthma was distinguished from a com-pensable disease called pneumoconiosis in Homer v. Mississippi River Grain Elevator, 264 So.2d 246 (La.App. 4th Cir.1972). The court there found that the plaintiff had only proved that he had an allergy to grain dust, for which he could not recover. The plaintiff in Piquet v. Toye Bros. Yellow Cab Co., 77 So.2d 569 (Orl.1955), alleged that the use of a certain detergent at work had caused dermatitis. The court concluded that the plaintiffs allergy was a congenital condition which did not result from contact with the detergent. His susceptibility to allergic reaction was not increased by exposure to the detergent at work, and once his attack of dermatitis cleared up, he could not be considered disabled for the purpose of collecting compensation.
Pearce relies heavily on Hebert v. Lake Charles American Press, 427 So.2d 916 (La.App. 3d Cir.1983). In that case, the court concluded that the employee, whose complaints related to chemicals used in printing a newspaper, was disabled. Only then did the court consider the causal connection between the work conditions and the disability. As stated above, we agree with the trial court’s finding that Pearce is not disabled. Thus, Hebert is not disposi-tive of Pearce’s claim.
Since we agree that Pearce is not disabled, we affirm the judgment of the trial court as it relates to the two insurers.
CONCLUSION
For the above reasons, we dismiss the plaintiff’s claim against Reintjes on the exception of prescription, and we affirm the trial court’s judgment in favor of Associated Indemnity Insurance Company and Travelers Insurance Company. Costs of both the trial and appellate courts are assessed against the plaintiff.
AFFIRMED.