JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Plaintiff-Appellee,

v.

Imogene N. JOHNSON, etc., et al., Defendants-Appellees,

v.

Lois S. JOHNSON, Defendant-Appellant.

No. 83–4703.

United States Court of Appeals, Fifth Circuit.

July 16, 1984.

Mize, Thompson & Blass, W. Joel Blass, Alan E. Michel, Gulfport, Miss., for defendant-appellant.

**316**

Joseph R. Meadows, Gulfport, Miss., for Imogene Johnson, et al.

Before REAVLEY, JOHNSON, and JOLLY, Circuit Judges.

PER CURIAM:

John Hancock Mutual Life Insurance Company (JHMLIC) initiated this interpleader action in federal district court seeking resolution of conflicting claims by a decedent's former wife, appellee—Imogene Johnson, and by his widow, appellant—Lois Johnson, to the proceeds to a $50,000 life insurance policy issued by JHMLIC on the life of the decedent, Jodie Johnson. Imogene Johnson filed a motion for summary judgment and attached documentary evidence demonstrating that she was entitled to the insurance proceeds under the express terms of a divorce decree entered into between the decedent and his former wife, Imogene Johnson. Appellant, Lois Johnson filed no response to the motion for summary judgment and, in direct response to questioning by the trial judge at the hearing on the motion for summary judgment, expressly stated that no material factual disputes existed in this action. Understandably, the district court granted summary judgment in favor of appellee, Imogene Johnson.

On appeal, Lois Johnson, contends that the district court erred by granting summary judgment in favor of Imogene Johnson since appellees pleadings allegedly created a material factual dispute rendering summary judgment inappropriate. It must be remembered that appellant Lois Johnson did not respond to appellee Imogene Johnson's motion for summary judgment and that her counsel stated at the motion for summary judgment hearing that there were no material issues of fact presented in this case.

Rule 56(e) of the Federal Rules of Civil Procedure provides, in part:

> When motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.* If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Fed.R.Civ.P. 56(e) (emphasis added). Having chosen the perilous course of offering no countering evidentiary materials and filing no affidavits, appellant is hard pressed to claim that the district court erred by entering summary judgment. This is especially true since the district court expressly made inquiry of appellant's counsel as to whether or not there was any material issue of fact present and appellant's counsel replied in the negative. Moreover, we reject appellant's contention that her pleadings created a material fact issue.[1] The express provisions of Rule 56 militate against a party relying upon mere pleadings to create fact issues. Indeed, the Advisory Committee On Rules stated that Rule 56(e) was designed to accomplish the following goal:

---

1. Appellant contends that a material fact issue was created since she stated in her pleadings that she paid some of the premiums on the policy of insurance, and, indeed, there is no dispute that appellant paid some of the premiums. However, under Mississippi law, no lien or right to reimbursement arises through the mere payment of premiums. As the Mississippi Supreme Court stated in *Smith v. Hinton*, 365 So.2d 963, 965 (Miss.1978):

> A majority of the jurisdictions over the United States hold that a third person who pays the premiums on a policy of insurance is not entitled to reimbursement against the person entitled to the proceeds unless he makes such payments under an agreement with the insured or the beneficial owner of the policy or unless he pays the premiums in good faith under the belief that he is the beneficiary or has an insurable interest or to keep the policy alive. We conclude that the chancellor below was not manifestly wrong in holding that no agreement existed in the present case and that Mrs. Smith did not have a vested right to or equitable lien on the proceeds of the policy.

the very mission of the summary procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.

For the foregoing reasons the judgment of the district court granting summary judgment in favor of Imogene Johnson is AFFIRMED.