**HELEN OF TROY, L.P., Plaintiff,**

v.

**ZOTOS CORPORATION a/k/a Zotos International, Inc., and Spentech Plastic Containers, Inc., Defendants.**

**No. EP–05–CA–279PRM.**

United States District Court, W.D. Texas, El Paso Division.

April 3, 2006.

Ray, Valdez, McChristian & Jeans, P.C., Kenneth F. Coffman, Robles, Bracken, Coffman & Hughes, L.L.P., David R. Pierce, Law Office of David Pierce, El Paso, TX, R. Lynn Fielder, Fisk & Fielder, Dallas, TX, for Defendants.

***ORDER (1) GRANTING IN PART AND DENYING IN PART SPENTECH'S MOTION TO STRIKE PLAINTIFF'S EVIDENCE; (2) DENYING SPENTECH'S MOTION TO STRIKE ZOTOS'S RESPONSE; AND (3) GRANTING IN PART AND DENYING IN PART SPENTECH'S MOTION FOR SUMMARY JUDGMENT***

MARTINEZ, District Judge.

On this day, the Court considered three motions filed by Defendant Spentech Plastic Containers, Inc.'s ("Spentech"). First, the Court considered Spentech's "Motion to Strike & Objections to Plaintiff's Evidence Supporting its Opposition to Defendant's Motion for Summary Judgment" ("Motion to Strike Plaintiff's Evidence"), filed on March 13, 2006, and Plaintiff Helen of Troy, L.P.'s ("Plaintiff") "Response to Defendant's Motion to Strike," filed on March 16, 2006 in the above-captioned cause. Second, the Court considered Spentech's "Motion to Strike Defendant Zotos International's Response in Opposition of Defendant's Motion for Summary Judgment" ("Motion to Strike Zotos's Response"), filed on March 13, 2006, and Defendant Zotos Corporation a/k/a Zotos International, Inc.'s ("Zotos") "Response to

Spentech Plastic Containers, Inc.'s Motion to Strike Defendant Zotos International's Response in Opposition of Defendant's Motion for Summary Judgment," filed on March 13, 2006 in the above-captioned cause. Third, the Court considered Spentech's "Motion for Summary Judgment," filed on February 18, 2006, Plaintiff's "Response to Defendant Spentech Plastic Container Inc.'s Motion for Summary Judgment," filed on March 6, 2006, and Zotos's "Response in Opposition to the Motion for Summary Judgment of Spentech Plastic Containers, Inc.," filed on March 7, 2006 in the above-captioned cause.

After due consideration, the Court is of the opinion that Spentech's Motion to Strike Plaintiff's Evidence should be granted in part and denied in part and that Spentech's Motion to Strike Zotos's Response should be denied. Based on these rulings, the Court is of the opinion that Spentech's Motion for Summary Judgment should be granted with respect to Plaintiff's breach of implied warranty of fitness for a particular purpose claim against Spentech, and denied with respect to Plaintiff's other claims.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a company that designs, markets, and distributes personal hair care products. Pl.'s Original Pet. ¶ 6; Mot. Summ. J. 2. One such product that Plaintiff marketed is known as "Straight to the Maxx," a hair straightening system partially comprised of bottled hair straightening chemical solutions. Pl.'s Original Pet. ¶ 12. The bottled chemicals were intended to be mixed by the consumer. *Id.* Plaintiff purchased the bottled chemicals sold in the "Straight to the Maxx" system from Zotos. *Id.* Spentech allegedly manufactured the bottles that Zotos filled with the chemicals. Mot. Summ. J. 2.

Plaintiff alleges that many of the bottles contained in the "Straight to the Maxx" system leaked, "causing damage to the product packaging, improper bottled chemical ratios, and dissatisfied retail and direct market consumers." Pl.'s Original Pet. ¶ 7. Consequently, customers returned existing inventories of "Straight to the Maxx" products, sales suffered, and Plaintiff discontinued the product line. *Id.* ¶ 8.

Plaintiff attributes fault for the leaks to both Zotos and Spentech. Specifically, Plaintiff alleges that the bottles were not properly tightened and that the tops of the bottle necks ("lands") contained defects, resulting in improper sealing between the bottle caps and bottles. *Id.* ¶ 7. As a result of the alleged leaks, Plaintiff asserts the following causes of action against Spentech: (1) breach of implied warranty of merchantability; (2) breach of implied warranty of fitness for a particular purpose; (3) negligence; and (4) strict liability based on defective design, defective manufacturing, and defective marketing. *Id.* ¶¶ 9–15.

On February 18, 2006, Spentech filed its Motion for Summary Judgment arguing that Plaintiff had not produced any evidence to support its claims against Spentech. On March 6, 2006, Plaintiff responded to Spentech's motion, attaching, inter alia, (1) the affidavit and supporting exhibits of Dr. Juan Herrera ("Dr.Herrera"), an expert witness testifying as to the cause of the leaks in the bottles provided to Plaintiff, and (2) the resume and report of Dr. David A. Schauer ("Dr.Schauer"), the report being relevant to the extent of Plaintiff's damages. On March 7, 2006, Zotos filed a response to Spentech's Motion for Summary Judgment along with supporting evidence. On March 13, 2006, Spentech filed both its Motion to Strike Plaintiff's Evidence, objecting to specific items of evidence Plaintiff attached to its response to Spentech's Motion for Summary Judgment, and its Motion to Strike Zotos's Response, objecting to Zotos's right to respond to Spentech's Motion for Summary Judgment.

Before deciding Spentech's Motion for Summary Judgment, the Court must make a determination on Spentech's Motion to Strike Plaintiff's Evidence and Motion to Strike Zotos's Response (collectively "Motions to Strike"). Based on its rulings on Spentech's Motions to Strike, the Court will ultimately conclude that Spentech's Motion for Summary Judgment should be denied, except with respect to Plaintiff's breach of implied warranty of fitness for a particular purpose claim, in support of which Plaintiff presents insufficient evidence to survive summary judgment.

## II. SPENTECH'S MOTION TO STRIKE PLAINTIFF'S EVIDENCE

Spentech objects to the following evidence Plaintiff attached to its response to Spentech's Motion for Summary Judgment: (1) Dr. Herrera's Affidavit; (2) Dr. Herrera's resume and report; (3) Dr. Schauer's resume and report; and (4) a website proffered by Plaintiff to support the Court's taking judicial notice of a fact supporting Plaintiff's claims. The Court will address each objection, ultimately concluding that Spentech's objections should be overruled, with the exception of its objection to Dr. Schauer's resume and report.

### A. Dr. Herrera's Affidavit

Spentech requests that the Court strike (1) Dr. Herrera's entire affidavit due to untimeliness and (2) portions of Dr. Herrera's affidavit because it is conclusory and inadequately supported. The Court will address each argument in turn.

#### 1. Argument 1: Dr. Herrera's Affidavit is Untimely

■ Spentech argues that Dr. Herrera's affidavit should be struck because it discloses opinions not expressed in Plaintiff's initial expert disclosure and the discovery deadline has already expired. However, the Federal Rules of Civil Procedure ("Federal Rules") contemplate allowing parties to supplement their expert reports. *See* FED. R. CIV. P. 26(e) (imposing a duty on parties to supplement their disclosures under specified cir-

cumstances). In fact, Federal Rule of Civil Procedure 26(e) ("Rule 26(e)") requires a party to supplement the expert reports disclosed under Federal Rule of Civil Procedure 26(a)(2)(B) and imposes a deadline of "the time the party's disclosures under Rule 26(a)(3) are due." *Id.* Federal Rule of Civil Procedure 23(a)(3) ("Rule 23(a)(3)") requires disclosures to be made "at least 30 days before trial," which in this case would set a deadline of May 5, 2006.

Evidently, Dr. Herrera supplemented his report based on photographs of bottles taken no earlier than February 16, 2006, the date that Spentech inspected samples of leaking bottles at Dr. Herrera's office. Pl.'s Resp. to Def.'s Mot. to Strike 2. Therefore, the evidence indicates that Plaintiff's disclosure of Dr. Herrera's affidavit on March 6, 2006 was made at "an appropriate interval," as required by Rule 26(e). FED. R. CIV. P. 26(e). Furthermore, it is inconsistent for Spentech to willingly participate in a discovery event and later complain that a report based on that event and mandated by the Federal Rules is untimely merely because it took place after the discovery deadline. Thus, the Court declines Spentech's invitation to strike Dr. Herrera's affidavit due to untimeliness.

#### 2. Argument 2: Portions of Dr. Herrera's Affidavit are Conclusory and Inadequately Supported

Spentech argues that portions of Dr. Herrera's affidavit should be struck because they are conclusory and unsupported, therefore failing to comply with Federal Rules of Evidence 702 and 703.[1] FED.R.EVID. 702, 703.

---

1. The portion of Dr. Herrera's affidavit that Spentech objects to is as follows: recently and since the inception of this lawsuit, Spentech Plastic Containers, Inc., inspected, among other things, one box of the Pristine Bottles. During such inspection, Spentech Plastic Containers, Inc., through its expert, placed each of the 12 Pristine Bottles on their side. Four of the 12 bottles leaked. The leaking bottles were inspected and photographed. True and correct copies of the photographed bottles are attached hereto as Exhibit "D." As the photographs depict, the land, or the portion of the bottle that comes into contact with the bottle cap, on all four leaking bottles contained defects which could allow straightener solution to leak from the bottle.

Recently and subsequent to the Spentech inspection, Zotos inspected three boxes of the Pristine Bottles. Although Zotos did not turn

any of the 36 bottles they examined on their side to determine if they would leak, they did examine the land of each bottle. Copies of photographs taken of these 36 bottles are attached hereto as Exhibit "E." As in the Spentech photographs, the Zotos photographs clearly show defects in the land which could allow straightener solution to leak.

Defects in the land were caused during the manufacturing of the bottles by Spentech. A safety seal could have been used in the bottle design which would have prevented or significantly reduced the possibility of leakage without substantially impairing the bottles [sic] utility and such design was economically and technologically feasible at the time the bottles were manufactured and shipped by Spentech.

A district court may properly exclude the testimony of an expert if that testimony lacks an adequate foundation or is not based on data "reasonably relied upon by experts in the particular field." *Brown v. Parker–Hannifin Corp.*, 919 F.2d 308, 311 (5th Cir.1990). Although it is a close question, the Court finds that Dr. Herrera's opinions are not conclusory or inadequately supported.[2]

Before evaluating the competency of Dr. Herrera's assertions, it is instructive to analyze a case proffered by Spentech as an example of expert testimony that should be excluded as conclusory. In *Orthopedic & Sports Injury Clinic v. Wang Labs., Inc.*, 922 F.2d 220 (5th Cir.1991), the Fifth Circuit affirmed the magistrate's decision that an expert's opinion should not be considered in response to a summary judgment motion because it was conclusory and inadequately supported. The plaintiff Orthopedic was suing Wang Labs for losing Orthopedic's medical data in the course of attempting to fix Orthopedic's computer. *Id.* at 221. In response to Wang Lab's motion for summary judgment, Orthopedic attached the affidavit of an expert testifying that the loss of Orthopedic's data was the result of "gross negligence." *Id.* at 224 n. 4. The magistrate determined that the expert's testimony was insufficient to create a fact issue as to Orthopedic's claim of gross negligence because it constituted an opinion on an ultimate issue and it was not factually supported. *Id.* at 224. The Fifth Circuit upheld the magistrate's determination because Orthopedic's expert's opinion was not "supported by sufficient facts." *Id.* The Fifth Circuit went on to note that the expert's statements were particularly unreliable because he was opining on "*gross* negligence, an issue more properly left to judges and juries." *Id.* at 225.

■ Turning to the instant case, Spentech essentially challenges three of Dr. Herrera's assertions: (1) the bottles contained defects which could cause leaks; (2) the defects were caused by Spentech's manufacturing of the bottles; and (3) a safety seal could have been used in the bottle design that would have prevented or significantly reduced the possibility of leakage without substantially impairing the bottles' utility, and such design was economically and technologically feasible at the time the bottles were manufactured and shipped by Spentech. The Court will analyze each assertion to determine if it should be excluded.

### a. Assertion 1: The Bottles Contained Defects that Could Cause Leaks

Dr. Herrera concluded that the defects could cause a leak in the bottles after an inspection of the photographs taken of the bottles. Although Dr. Herrera does not give a detailed description of the basis for his opinions, a qualified expert could reasonably make this straightforward determination based on an inspection of the photographs. *See* FED.R.EVID. 703 (stating that "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing"). Additionally, unlike the expert in *Orthopedic*, Dr. Herrera is not making a legal conclusion; he is making a factual assertion about the potential of bottles to cause leaks. Thus, unlike the expert's testimony in *Orthopedic*, Dr. Herrera's assertion that the bottles contained defects that could cause leaks are not inadequately supported or wholly conclusory.

### b. Assertion 2: The Defects Were Caused by Spentech

Spentech's interrogatory responses that are attached to Dr. Herrera's affidavit admit that the bottles were manufactured by Spentech. Pl.'s Resp., Ex. C at 8–9. It is not conclusory for a qualified expert to infer solely from an observation of defects in the bottles that they were caused by the manufacturer. *See* FED.R.EVID. 703 (stating that "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing"). Unlike in *Orthopedic*, Dr. Herrera based his conclusion on photographs of the bottles and information provided to him

---

1. Pl.'s Resp. to Def. Spentech Plastic Containers, Inc.'s Mot. Summ. J. [hereinafter "Pl.'s Resp."], Ex. 1 at 1–2.

2. Spentech does not challenge Dr. Herrera's qualifications to testify regarding the matters covered in his affidavit.

about their manufacturer. Additionally, Dr. Herrera is opining on a factual matter, not a conclusion of law better left to judges and juries. Thus, Dr. Herrera's second assertion is adequately supported and not wholly conclusory.

#### c. Assertion 3: A Safety Seal Could Have Been Used

Spentech's interrogatory responses state that "Zotos International recommended the removal of the safety seal." Pl.'s Resp., Def. Spentech Plastic Containers, Inc.'s Objections and First Am. Answers to Pl.'s First Set of Interrogs. # 13. Although Dr. Herrera's affidavit does not describe the details of his reasoning, it was permissible for a qualified expert to conclude that a safety seal could have been used based on his observations of the bottles and the information provided to him in Spentech's interrogatory response. *See* FED.R.EVID. 703 (stating that "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing"). Dr. Herrera's assertion is essentially a factual assertion rather than a conclusion of law better left to judges and juries. Thus, Dr. Herrera's third assertion is adequately supported and not wholly conclusory.

#### B. Dr. Herrera's Resume and Report

■ Spentech argues that Dr. Herrera's resume and report are not competent summary judgment evidence because neither one has been sworn to. Federal Rule of Civil Procedure 56(e) ("Rule 56(e)") requires that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served thereof." FED. R. CIV. P. 56(e). "[T]o be admissible [as summary judgment evidence], documents must be authenticated by and attached to an affidavit that meets the requirements of [Federal Rule of Civil Procedure] 56(e)." *Haynes v. Pennzoil Co.*, No. 97–20642, 1998 WL 197784, at *2 (5th Cir. Mar.31, 1998) (internal quotations omitted) (not selected for

publication in 141 F.3d 1163 (5th Cir.1998)) [3] (citing 10A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2722, at 59–60 (2d ed.1983)). Dr. Herrera's resume and report are attached to and authenticated by Dr. Herrera's sworn and certified affidavit. FED.R.EVID. 901(b)(1) (giving examples of means of authentication, one of which is testimony of a witness with knowledge "that a matter is what it is claimed to be"). Thus, Dr. Herrera's resume and report are proper summary judgment evidence.

#### C. Dr. Schauer's Resume and Report

■ Spentech objects to Dr. Schauer's resume and report because neither document is properly sworn to or certified. *See* FED. R. CIV. P. 56(e) (requiring that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served thereof"). Plaintiff admits that Dr. Schauer's resume and report do not meet the requirements of summary judgment proof, but argues that they can be considered for the limited purpose of demonstrating the magnitude of damages. The Court declines Plaintiff's invitation to consider Dr. Schauer's unsworn and uncertified affidavit. [4]

#### D. Website

■ Plaintiff requests that the Court take judicial notice of the fact that urea is an acid having a very low pH. Pl.'s Resp. 4. To support this assertion, Plaintiff directs the Court to the following website: http://en.wikipedia.org/wiki/Urea. Spentech argues that the website is not proper summary judgment evidence. The Federal Rules of Evidence allow a court to take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R.EVID. 201.

---

**3.** Though *Haynes* is an unpublished opinion, the Court finds that its reasoning and logic persuasively apply to the instant case. 5TH CIR. R. 47.5.4 (stating that "[a]n unpublished opinion may ... be persuasive").

**4.** However, this determination does not affect the Court's ruling regarding Spentech's Motion for Summary Judgment because Plaintiff has presented other sufficient evidence establishing damages.

Spentech does not contest the substance of the assertion that urea is an acid having a very low pH. Furthermore, the Court finds that it is a fact that is "not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* Therefore, the Court takes judicial notice of that fact that urea is an acid having a very low pH for purposes of Spentech's Motion for Summary Judgment.

### III. SPENTECH'S MOTION TO STRIKE ZOTOS'S RESPONSE

■ Spentech argues that Zotos should not have been allowed to respond to Spentech's Motion for Summary Judgment. Spentech contends that Federal Rule of Civil Procedure 56(c)'s ("Rule 56(c)") language allowing an "adverse party" to serve opposing affidavits precludes a party from responding to a motion for summary judgment unless claims exist between the movant and the party seeking to respond. The law does not support Spentech's limited construction of "adverse party" in Rule 56(c).

Spentech has provided absolutely no case law or authority to support its narrow construction of the term "adverse party." *See* W.D. Tex. Local R. CV–7 (requiring that "[t]he specific legal authorities supporting any motion shall be cited in the motion"). In particular, Spentech has presented, and the Court's own research reveals, no example of a Court precluding a party from responding to a summary judgment motion because no claims exist between that party and the movant. In addition, the Fifth Circuit has broadly construed the term "adverse" when used elsewhere in the Federal Rules of Civil Procedure. *See Parker v. Ryan*, 960 F.2d 543, 545 (5th Cir.1992) (construing Federal Rule of Civil Procedure 65(a)(1)'s requirement that notice be given to an "adverse party" to include a requirement that notice be given to a party "adversely affected by the injunction, not the opponent in the underlying action"). In fact, the Fifth Circuit has implicitly recognized that parties between whom no formal claims have been filed are considered adverse in the context of a motion for summary judgment. *See John Hancock Mut. Life Ins. Co. v. Johnson*, 736 F.2d 315, 316 (5th Cir.1984) (citing Rule 56(e)'s requirement that an "ad-

verse party may not rest upon the mere allegations or denials of his pleadings" in affirming summary judgment in favor of one claimant when the other claimant had not responded, even though neither claimant had filed a formal claim against the other). Therefore, the Court refuses to adopt Spentech's overly narrow construction of "adverse party" in the context of Rule 56(c). Thus, the Court is of the opinion that Spentech's Motion to Strike Zotos's Response should be denied.

### IV. SPENTECH'S MOTION FOR SUMMARY JUDGMENT

#### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) ("Rule 56(c)") mandates summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

"[R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is proper when the nonmoving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.*

#### B. Application

In light of the Court's rulings on Spentech's Motions to Strike, Plaintiff and Zotos have presented evidence sufficient to create a jury issue for each essential element of Plaintiff's breach of implied warranty of merchantability, negligence, design defect, manufacturing defect, and marketing defect claims against Spentech. However, with respect to Plaintiff's breach of implied warranty of fitness for a particular purpose claim, Spentech has failed to proffer sufficient evidence to support each essential element of its claim.

To support an implied warranty of fitness for a particular purpose claim, one element that Plaintiff must prove is that Spentech had "reason to know" that Plaintiff was "relying on [Spentech's] skill or judgment to select or furnish suitable goods." TEX. BUS. & COM.CODE ANN. § 2.315 (Vernon 1994). Plaintiff does not argue that it has presented any evidence to support this element. Instead, it states that "[t]he depositions of Spentech have been postponed once and are currently tentatively scheduled for the middle of April." Pl.'s Resp. 3. However, the Court issued a scheduling order (Docket No. 14) which states that "the parties shall complete all discovery on or before March 1, 2006."

Plaintiff has not filed any motion to continue the discovery deadline, nor did it inform the Court of any difficulty in obtaining discovery *prior* to the discovery deadline. Moreover, Plaintiff's response does not provide sufficient information to allow the Court to conclude that good cause exists for allowing discovery to continue past the discovery deadline despite Plaintiff's failure to timely request an extension. Therefore, the Court is of the opinion that it has provided Plaintiff with adequate time to conduct discovery supporting its claims. Thus, because Plaintiff has failed to proffer evidence supporting an essential element of its claim, summary judgment is appropriate in favor of Spentech with respect to Plaintiff's breach of implied warranty of fitness for a particular purpose claim.

## V. CONCLUSION

The outcome of Spentech's Motion for Summary Judgment is largely determined by the Court's rulings on Spentech's Motions to Strike. First, the Court decided that Spentech's Motion to Strike Plaintiff's Evidence should be denied, with the exception of its objection to Dr. Schauer's unsworn report and resume, which the Court determined should not be considered as competent summary judgment evidence. Second, the Court decided that Spentech's Motion to Strike Zotos's Response should be denied.

Based on the Court's substantial denial of Spentech's Motions to Strike, the Court concludes that Plaintiff has presented sufficient evidence to survive summary judgment as to its breach of implied warranty of merchantability, negligence, and strict liability claims. However, Plaintiff has failed to present evidence supporting an essential element of its breach of implied warranty of fitness for a particular purpose claim, and it is proper to dispose of this claim as a matter of law.

Accordingly, **IT IS ORDERED** that Defendant Spentech Plastic Container, Inc.'s "Motion to Strike & Objections to Plaintiff's Evidence Supporting its Opposition to Defendant's Motion for Summary Judgment" (Docket No. 24) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Defendant Spentech Plastic Containers, Inc.'s "Motion to Strike Defendant Zotos International's Response in Opposition of Defendant's Motion for Summary Judgment" (Docket No. 25) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Spentech Plastic Containers, Inc.'s "Motion for Summary Judgment" (Docket No. 21) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FINALLY ORDERED** that partial judgment is entered in favor of Defendant Spentech Plastic Containers, Inc. and against Plaintiff Helen of Troy, L.P., only as to Plaintiff Helen of Troy, L.P.'s breach of implied warranty of fitness for a particular purpose claim against Defendant Spentech Plastic Containers, Inc.